Richard P. Liebowitz (Pro Hac Vice Pending)
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Telephone: (516) 233-1660
Fax No.:
RL@LiebowitzLawFirm.com

Daniel W. Bower, ISB #7204
MORRIS BOWER & HAWS PLLC
12550 W. Explorer Drive, Suite 100
Boise, Idaho 83713
Telephone: (208) 345-3333
Fax No.: (208) 345-4461
dbower@morrisbowerhaws.com

*Attorneys for Plaintiff Matthew McDermott*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATTHEW MCDERMOTT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MONDAY MONDAY LLC, an Idaho limited liability company,<br><br>Defendant. | Case No. 1:18-cv-00079-CWD<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFAULT JUDGMENT** |

Plaintiff Matthew McDermott ("McDermott" or "Plaintiff"), by and through his undersigned counsel hereby respectfully moves for default judgment against Defendant Monday Monday LLC ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b).

MEMORANDUM OF LAW IN SUPPORT OF DEFAULT JUDGMENT - 1

## INTRODUCTION

McDermott seeks a default judgment against Defendant. Defendant was served with the Summons and Complaint, but failed to answer or otherwise defend the action, resulting in the Clerk's entry of default on May 18, 2018. *See* Clerk's Default, Dkt. [#11]. Plaintiff now requests that the Court enter the attached Proposed Order of Default Judgment ("Default Judgment") and award Plaintiff statutory damages pursuant to 17 U.S.C. §504, plus attorney's fees and costs, to be imposed against Defendant.

## BACKGROUND

### I. FACTUAL ALLEGATIONS

On February 16, 2018, Plaintiff Matthew McDermott, a New York-based professional photographer, commenced this action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. McDermott had photographed a woman named Daniela Greene, an ex-federal agent who married an ISIS terrorist, and then licensed two photographs to the NEW YORK POST for publication. McDermott is listed as the author and copyright claimant on the face of the copyright registration for the photographs, bearing registration number VA 2-053-278.

Defendant, a news publisher, then expropriated the photographs without McDermott's consent or authorization and re-published them on its website without providing any attribution.

### II. PROCEDURAL HISTORY

McDermott filed the Complaint in this action on February 16, 2018. See Dkt. 1. On March 5, 2018, Defendant was served with a Summons, Litigation Order and Notice of

MEMORANDUM OF LAW IN SUPPORT OF DEFAULT JUDGMENT - 2

Scheduling Conference and Complaint at its place of business by mail. See Dkt. 5. Pursuant to Fed. R. Civ P. 12, an answer or a response was due on March 26, 2018. Defendant failed to timely respond to Plaintiff's Complaint, resulting in the Clerk of Court filing a Clerk's Entry of Default on May 18, 2018. See Dkt. [#11].

## ARGUMENT

Under Federal Rule 55(b)(2), this Court may enter a default judgment against a defendant that has failed to appear and defend. Entry of a default judgment is appropriate if the defendant's liability is well-pled in the complaint and the defendant has failed to participate in the litigation in good faith.

### I.   PLAINTIFF HAS ESTABLISHED COPYRIGHT INFRINGEMENT

To establish a claim of copyright infringement, plaintiff must show two elements: (1) ownership of a valid copyright; and (2) unauthorized copying of the copyrighted work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991); *Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.,* 150 F.3d 132, 137 (2d Cir. 1998).

The Complaint ("Compl.") properly pleads the required elements to establish copyright infringement. It pleads that McDermott owns a timely and properly registered copyright in the photographs that are the subject of the litigation. Compl. ¶¶ [7-10]. The Complaint further alleges that Defendant copied Plaintiff's photographs without McDermott's authorization. Compl. ¶¶ 11-13. Having properly pled copyright infringement, all allegations contained therein are taken as true. McDermott is therefore entitled to the have his motion for default judgment granted.

## II.   THE COURT SHOULD AWARD $60,000 IN STATUTORY DAMAGES

The Copyright Act has a provision for an increase in statutory damages if the Defendant's actions are willful. 17 U.S.C. §504(c)(2). As set forth below, many courts have viewed a defendant's choice not to defend itself as tantamount to willfulness. Defendant in this case had ample notice and opportunity to make an appearance and mount a defense of its actions and has chosen not to do so. Its actions are brazen and unrepentant and deserve to be addressed by the Court through enhanced statutory damages.

### A.   PLAINTIFF ELECTS STATUTORY DAMAGES UNDER THE COPYRIGHT ACT WHICH MAY BE AWARDED WITHOUT ANY PROOF OF ACTUAL DAMAGES OR INFRINGER'S PROFITS

"[S]tatutory damages are particularly appropriate where a defendant has defaulted." *Microsoft Corp. v. Atek 3000 Computer Inc.*, No. 06-cv-6403 (SLT) (SMG), 2008 WL 2884761, at *3 (E.D.N.Y. July 23, 2008). "At the plaintiff's election, Section 504 of the Copyright Act allows the Court to assess statutory damages for each work for which the copyright has been infringed, in a 'sum of not less than $750 or more than $30,000 as the court considers just,' 17 U.S.C. § 504(c)(1), without requiring a plaintiff to make a showing of profit by the defendant or loss by the plaintiff as a result of the infringing activity." *Peer Int'l Corp. v. Max Music & Entm't, Inc.,* No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004); *see also Starbucks Corp. v. Morgan*, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000) (statutory damages "'are available without proof of plaintiff's actual damages or proof of any damages."). Additionally, Section 504 authorizes the Court to increase the statutory damage award to any amount up to $150,000 for each work involved, if the infringement was committed willfully. *See* 17 U.S.C. § 504(c)(2).

Here, McDermott elects to pursue statutory damages under the Copyright Act. 17 U.S.C. § 504(c). Accordingly, the Court does <u>not</u> need to assess Plaintiff's loss of revenues or Defendant's profits to calculate an award. *See Tu v. TAD System Technology, Inc.*, 2009 WL 2905780 (E.D.N.Y. Sept. 10, 2009) ('the failure to establish actual damages does not impair this Court's ability to devise a proper statutory award."). Instead, the Court may rely solely on the Defendant's willfulness in determining the appropriate amount within the statutory range. *See, e.g.*, *Entral Group Int'l LLC v. Honey Cafe on 5th, Inc.*, 2006 WL 3694584, at *6 (E.D.N.Y. Dec. 14, 2006) (awarding $150,000 for defendants' willful infringement although neither the plaintiff's losses nor the defendants' profits were established); *Van Der Zee v. Greenidge*, 2006 WL 44020, *2 (S.D.N.Y. Jan. 6, 2006) ("Absent additional evidence of profits lost and repeated by the parties, this court must rely principally on defendants' willful conduct in determining damages."); *Wilen v. Alternative Media Net, Inc.*, 2004 WL 2823036, *2 (S.D.N.Y. Dec. 3, 2004) ("Given the absence of evidence presented to the Court regarding the parties' profits and losses . . . I must rely principally on the fact that the defendants' actions were willful . . ."); *see also F.W. Woolworth Co. v. Contemporary Arts,* 344 U.S. 228, 233, 73 S.Ct. 222, 97 L.Ed. 276 (1952) ("Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy [of discouraging wrongful conduct].")

    **B.    AS A MATTER OF LAW, THE COURT MAY DRAW AN INFERENCE OF WILLFULNESS FROM DEFENDANT'S FAILURE TO APPEAR AND DEFEND THE ACTION**

It is well-established that the Court may infer willfulness from a defendant's failure to answer or otherwise appear. *See, e.g., Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d

536, 546 (S.D.N.Y. 2015) ("Copyright infringement is deemed willful by virtue of a defendant's default."); *All–Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F.Supp.2d 613, 621–22 (S.D.N.Y. 2011) ("Defendants have defaulted and by virtue of their default are deemed to be willful infringers"); *Chloe v. Zarafshan,* 06 Civ. 3140, 2009 WL 2956827 at *7 (S.D.N.Y. Sept. 15, 2009) ("Willfulness may be established by a party's default because an innocent party would presumably have made an effort to defend itself."); *Malletier v. Carducci Leather Fashions, Inc.,* 648 F.Supp.2d 501, 504 (S.D.N.Y.2009) ("Here, by virtue of its default, [defendant] has admitted [plaintiff]'s allegation that it acted knowingly and intentionally or with reckless disregard or willful blindness to [plaintiff]'s rights.").

Here, Defendant's utter disregard for this proceeding in its entirety warrants the Court's finding of willfulness.

### C. AN AWARD OF $30,000 PER PHOTOGRAPH IS APPROPRIATE TO SERVE THE PURPOSES OF THE COPYRIGHT ACT'S STATUTORY DAMAGES PROVISION

Statutory damages under the Copyright Act "serve[ ] two purposes - compensatory and punitive." *Richard Feiner and Co., Inc. v. Passport Int'l Prods., Inc.,* No. 97 Civ. 9144(RO), 1998 WL 437157, at *2 n. 13 (S.D.N.Y. July 31, 1998) (quoting *Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co.,* 807 F.2d 1110, 1117 (2d Cir. 1986)) (internal quotation marks omitted). Where a defendant has acted willfully, "a statutory award should incorporate not only a compensatory, but also a punitive component to discourage further wrongdoing by the defendants and others." *CJ Prod. LLC*, 2012 WL 2856068, at *3; *accord Malletier,* 648 F.Supp.2d at 504.

Here, Plaintiff requests statutory damages of $60,000, or $30,000 per photograph, which is the maximum amount permitted for *non*-willful infringement of each work. 17 U.S.C. § 504(c)(1). The amount requested is consistent with long-standing precedent in copyright infringement cases where defendant has defaulted. *See, e.g., Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*, No. 12-cv-5456 (KMW) (AJP), 2013 WL 174226, at *3 (S.D.N.Y. Jan. 17, 2013), *report and recommendation adopted*, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013) (finding request for $30,000 in statutory damages appropriate and consistent with awards in similar copyright cases involving default); *Microsoft Corp.*, 2008 WL 4179653, at *11 (awarding the "maximum allowable amount of unenhanced statutory damages" of $30,000 upon default to deter defendant and others from future infringement); *Peer Int'l Corp.*, 2004 WL 1542253, at *4 (on default, recommending award of statutory damages in the amount of $30,000 on grounds that this "amount would more than compensate Plaintiffs for their actual losses, . . . would be high enough to deter Defendants and others from similar conduct in the future, and is consistent with statutory damages amounts awarded in similar cases).

### D. AN AWARD OF $60,000 IS JUSTIFIED IN LIGHT OF THE STATUTORY DAMAGES FACTORS

District courts employ their "wide discretion . . . in setting the amount of statutory damages" and should consider the following factors: (1) the infringer's state of mind; (2) the expenses saved, and profits earned by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties. *Bryant v. Media Right Prods., Inc.,* 603 F.3d 135, 143–44 (2d Cir. 2010)

(quotation marks omitted).

Applying these factors, the Court should consider the following in evaluating McDermott's motion for default judgment:

1. Defendant's state of mind, to the extent that it is possible to evaluate given its choice to ignore and avoid these proceedings, is culpable. Moreover, the abstention from these legal proceedings should be construed against Defendant.

2. The expenses saved by Defendant in this case are difficult to quantify because Defendant has chosen not to participate in litigation. However, the exclusive nature of McDermott's photographs should be considered in assessing their fair market value. Unfortunately, because Defendant has chosen to ignore and avoid these proceedings, Plaintiff is not in a position to assess Defendant's profits resulting from the infringement.

3. The revenue lost by McDermott is not necessarily tantamount to his standard licensing fee, but those fees could reasonably rest in the thousands of dollars.

4. It is also important to consider the deterrent effect of an appropriate statutory damages award. Defendant and those similarly situated would carefully consider whether to engage in future infringements if the cost of violating another's copyright greatly exceeded the cost of complying with the Copyright Act. Defendant has profited from copyright infringement that it has heretofore considered the cost of doing business. The Court must change the calculus for Defendant and other repeat infringers. For the Defendant and those similarly situated, any business model that depends on the disregard of the rights of others

        must be made prohibitive.

5.     Defendant has not provided evidence of the value realized by its infringement and such value is unknown, other than what can be assessed as the savings obtained by Defendant by not obtaining a proper license.

6.     Whereas Plaintiff is extremely desirous of redressing the harm done to him as a result of Defendant's infringement, Defendant has shown no interest in this litigation.

McDermott therefore submits that an award of $60,000, which reflects $30,000 for each work infringed, is justified in light of the statutory damages factors.

## III. THE COURT SHOULD AWARD ATTORNEY'S FEES AND COSTS

Under the Copyright Act, an award of fees is appropriate to promote the goal of deterrence where the evidence supports a finding of willfulness. *See Kepner-Tregoe, Inc. v. Vroom,* 186 F.3d 283, 289 (2d Cir.1999); *see also U2 Home Entm't, Inc. v. Lai Ying Music & Video Trading, Inc.,* No. 04-CV-1233 (DLC), 2005 WL 1231645, at *7 (S.D.N.Y. May 25, 2005); *Peer Int'l Corp.,* 2004 WL 1542253, at *5. Here, willfulness may be inferred from defendant's default. *See Microsoft Corp.,* 2008 WL 4179653, at *13 (awarding attorneys' fees); *Entral Group Int'l, LLC,* 2006 WL 3694584, at *6 (same).

"Defendant's default ordinarily would weigh in favor of awarding attorneys' fees and costs under 17 U.S.C. § 505." *CJ Prod. LLC,* 2012 WL 2856068, at *3; see also *All–Star Mktg. Grp.,* 775 F.Supp.2d at 628 (awarding plaintiff reasonable attorney's fees in a copyright infringement case where defendant defaulted); *Pearson Educ., Inc. v. Vergara,* 2010 WL 3744033 at *5 ("awarding costs and attorney's fees is warranted, in order to compensate the

plaintiffs for the costs they incurred to retain counsel to initiate this litigation and secure judgment by default"); *Gladys Music v. Bilbat Radio, Inc.,* No. 07–CV–6086, 2007 WL 3033960 at *1 (W.D.N.Y. Oct. 15, 2007) (awarding plaintiff reasonable attorney's fees in a copyright infringement case where defendant defaulted and the amount of attorneys' fees "due to Plaintiffs ... deriv[ed] from Defendants' repeated violations of copyright law.")

Here, McDermott respectfully requests a reasonable attorney's fee in an amount of $3,600, plus $600 in costs. In addition to regular court filing fees, serving costs, and copyright registration costs, Plaintiff's lead attorney spent eight hours on this matter at a billable rate of $450 per hour. Defendant's decision not to defend the lawsuit created much of the work Plaintiff's attorneys had to undertake, in particular, with respect to filing this motion and its associated documents. Additionally, all legal strategy and executed tasks were reasonable and lacked any indicia of frivolity.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Matthew McDermott respectfully requests that the Court enter the proposed Default Judgment against the Defendant in the amount of $60,000 and award Plaintiff $3,600 in attorney's fees and $600 in costs.

DATED: May 22, 2018.

                MORRIS BOWER & HAWS PLLC

                /s/ Daniel W. Bower
                Daniel W. Bower
                *Attorneys for Plaintiff Matthew McDermott*

                LIEBOWITZ LAW FIRM, PLLC

                /s/ Richard Liebowitz
                Richard P. Liebowitz
                *Attorneys for Plaintiff Matthew McDermott*

                *(Pro Hac Vice Pending)*