Nathan R. Starnes (ISB #7484)
LITSTER FROST INJURY LAWYERS
3501 W. Elder, Suite 108
Boise, Idaho 83705
Telephone:    (208) 489-6400
Facsimile:    (208) 489-6404
Email: Nathan@litsterfrost.com

*Attorney for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATTHEW MCDERMOTT, an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>MONDAY MONDAY LLC, an Idaho limited liability company,<br><br>  Defendant. | Case No. 1:18-cv-00079-CWD<br><br>**MOTION TO SET ASIDE DEFAULT JUDGEMENT** |

COMES NOW, the Defendant Monday Monday LLC (Defendant Monday Monday) by and through their attorney Nathan R. Starnes, and pursuant to Rules 60(b) and 60(d)(2) F.R.C.P. hereby moves to set aside the Clerk's entry of default judgment against Defendant entered in this court on the 18th day of May, 2018.

In support of this Motion, the undersigned files concurrently herewith the Affidavit of Jennifer Martinez.

1. The Defendant resides in Boise, Idaho.

MOTION TO SET ASIDE DEFAULT JUDGEMENT - 1

2. The Defendant was not personally notified of this action. The Defendant has a meritorious defense, and in the interest of justice, Defendant should be allowed to defend this action, and the default judgment should be set aside. The Defendant's defense to this action is an insufficient service of process because the Defendant was not personally notified. The Defendant was never legally served proper notice in regards to the action against them, as required by I.C. 30-21-412.

3. Pursuant to Rule 60(b) F.R.C.P., "the court may relieve a party from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the judgment." Additionally, pursuant to Rule 60(d)(2), "this rule does not limit a court's power to: (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action. . . ." The Defendant failed to appear and defend in this action because they did not receive proper service of process. As explained above, Defendant was not personally notified of the action. As such, his failure to appear is fully justified and allowing the default judgment to stand against him would be a fundamental injustice.

4. Pursuant to F.R.C.P. 4(m), "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff filed the complaint in this Court on February 16, 2018, and 90 days has passed and the Defendant has not been served. Therefore, Defendant moves to dismiss this action for Plaintiff's failure to properly serve notice in accordance with F.R.C.P. 4(m).

WHEREFORE, the moving party requests:

1. That the default judgment be set aside.

MOTION TO SET ASIDE DEFAULT JUDGEMENT - 2

2. That this case be dismissed in its entirety for failure to serve within the time period (90 days) described in F.R.C.P. 4(m).

DATED this 6th day of June, 2018.

/s/ Nathan R. Starnes
Nathan R. Starnes

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of June, 2018, a true and correct copy of the within and foregoing instrument was served upon:

| | | |
|---|---|---|
| Daniel W. Bower | [ ] | U.S. Mail, Postage Prepaid |
| MORRIS BOWER & HAWS PLLC | [X] | CM/ECF |
| 12550 W. Explorer Drive, Suite 100 | [ ] | Hand Delivery |
| Boise, ID 83713 | [ ] | Overnight Courier |
| | [ ] | Facsimile |

Richard P. Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580

/s/ Nathan R. Starnes
Nathan R. Starnes

MOTION TO SET ASIDE DEFAULT JUDGEMENT - 3