UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATTHEW MCDERMOTT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MONDAY MONDAY LLC, an Idaho limited liability company,<br><br>Defendant. | Case No. 1:18-cv-00079-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Pending before the Court are Plaintiff's Motion for Entry of Default Judgment and Defendant's Motion to Set Aside Entry of Default Judgment and Dismissal. (Dkt. 13, 17.) The facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motions are decided on the record.

# FACTUAL AND PROCEDURAL BACKGROUND

On February 16, 2018, Plaintiff, Matthew McDermott, filed a Complaint asserting two claims against the Defendant, Monday Monday LLC ("Monday"), alleging Monday used Mr. McDermott's photographs without copyright permission and removed Mr.

McDermott's copyright information from the photographs. (Dkt. 1.) An Affidavit of Service was filed on March 29, 2018 representing that the Summons, Complaint, and Litigation Order were mailed to Monday. (Dkt. 5.) No answer was filed. As a result, Mr. McDermott filed a Motion for Entry of Default. (Dkt. 8, 9.) On May 18, 2018, the Clerk of the Court entered Default in this matter. (Dkt. 11.)

Thereafter, on May 22, 2018, Mr. McDermott filed the Motion for Entry of Default Judgment. (Dkt. 13-15.) The case was then reassigned. On June 6, 2018, Monday filed a Motion to Set Aside Default Judgment and for Dismissal. (Dkt. 17.) Neither side filed a response and the time for doing so has passed. Both Motions are ripe and pending before this Court.

## DISCUSSION

Mr. McDermott seeks entry of default judgment under Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b). (Dkt. 13, 15.) Monday's Motion asks the Court to set aside the entry of default judgment and dismiss the case for failure to timely serve. (Dkt. 17.) The Court will first take up Monday's Motion as it is dispositive of all the pending matters.[1]

**1.    Motion to Set Aside Entry of Default**

Rule 55(c) allows the Court to set aside an entry of default for "good cause shown."

---

[1] Monday's Motion is made under Rule 60. The Court finds more applicable rule in this instance, however, is Rule 55(c) because default judgment has not yet been entered in this case. Regardless, the Court's ruling on the matter is the same under either Rule 55 or Rule 60. For the reasons stated herein, Monday is entitled to relief from the entry of default in this matter under Rule 60(b)(1) for mistake, inadvertence, surprise, or excusable neglect as well as Rule 60(b)(6).

Fed. R. Civ. P. 55(c). The Ninth Circuit has held "that three factors derived from the 'good cause' standard...governs the lifting of entries of default under Fed. R. Civ. P. 55(c).... Those factors are: 1) whether the defendant's culpable conduct led to the default; 2) whether the defendant has a meritorious defense; and 3) whether reopening the default judgment would prejudice the plaintiff." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691 (9th Cir. 2001), as amended on denial of rehearing and rehearing en banc (May 09, 2001) (citations omitted). The party seeking to vacate a default bears the burden of demonstrating that these factors favor vacating the judgment. *See Id.* (citing *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988)). Monday asserts setting aside the entry of default is proper in this case because it was not properly served as required by Idaho Code § 30-21-412. (Dkt. 17.)

    **A.**    **Culpability of Defendant's Conduct:**

The Ninth Circuit has stated that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Id.*, at 697.

Monday asserts it was not personally notified of this action. (Dkt. 17.) The Court finds Monday has shown a sufficient reason for its failure to file a timely answer and/or otherwise respond in this action as there are discrepancies in the filings relating to service as to the dates of service and Monday's address.

The Affidavit of Service states that on or about March 10, 2018 the Summons, Complaint, and Litigation Order were mailed to Monday at the address listed on the most recent annual report filed with the Idaho Secretary of State: 3501 W. Elder Dr., Ste. 110,

Boise, ID 83705. (Dkt. 5.) Monday filed a Declaration of Jennifer Martinez, the receptionist tasked with processing all of Monday's correspondence, which states there is no record of Monday having been served by mail with the Summons on or about March 5, 2018. (Dkt. 17-1 at ¶ 4.) The difference in the date of mailing reflected on the Summons, March 10, and the date Ms. Martinez reviewed Monday's correspondence, March 5, is unexplained.

The Court has also noted that the return address on Monday's Motion to Set Aside Default (Dkt. 17) is the same address in Boise, Idaho where the Affidavit of Service states the Summons was sent. (Dkt. 5.) The Notice of Motion for Default Judgment, however, contains a different address for Monday: 910 S. El Camino Real Ste. D, San Clemente, CA 92672. (Dkt. 13.) Again, there is no explanation for the different addresses.

These inconsistencies provide some explanation for Monday's failure to answer or respond and/or whether Monday received actual or constructive notice. Accordingly, the Court finds, for purposes of this Motion only, that it does not appear that Monday intentionally failed to respond.

### B. Meritorious Defense:

The Ninth Circuit has held that "[a] defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *TCI*, 244 F.3d at 700 (citing *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969) (holding that district court had not erred in declining to vacate default judgment when defendant offered "mere general denial without facts to support it")). But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy. *Id.* (citing *In re Stone*, 588 F.2d 1316, 1319 n. 2 (10th Cir. 1978) (A

movant need only demonstrate facts or law showing the trial court that "a sufficient defense is assertible.")).

Monday asserts it has a meritorious defense of insufficient service of process. (Dkt. 17.) After reviewing the record, the Court finds Monday has alleged a potentially meritorious defense that should be addressed on the merits which warrants setting aside the default.

C. **Prejudice to the Plaintiff:**

The Ninth Circuit has held that "[t]o be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" *TCI*, 244 F.3d at 700 (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). Merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment. *Id.* The Ninth Circuit went on to state "had there been no default, the plaintiff would of course have had to litigate the merits of the case, incurring the costs of doing so. A default judgment gives the plaintiff something of a windfall by sparing her from litigating the merits of her claim because of her opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the litigation." *Id.* (citations omitted).

Mr. McDermott will not be prejudiced by setting aside the default because the case is still in the pleadings stage; particularly given the judicial interest in deciding claims on their merits. Despite the setting aside of the default, Mr. McDermott will still be able to pursue his claims and collect damages from Monday if he prevails. For these reasons, the

Court grants the Motion to Set Aside the Default.

**2.     Motion to Dismiss**

Monday's Motion further asks the Court to dismiss this case for failure to timely serve under Rule 4(m). (Dkt. 17.)

Rule 4(m) provides a plaintiff with 90 days to accomplish service of process. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff demonstrates good cause for the failure, the Court must extend the time for service for an appropriate period. *Id.*

Given the aforementioned inconsistencies relating to service in this case, the Court finds good cause exists for any failure to serve and that dismissal of this matter at this stage would be premature. The Court instead orders Plaintiff to complete proper service of the Defendant on or before September 14, 2018. Failure to perfect service by that date will result in dismissal of this matter without further notice under Rule 4(m).

## CONCLUSION

While the Court recognizes the length in which this case has been pending, the Court also notes the Ninth Circuit's policy that defaults are "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *TCI*, 244 F.3d at 696. Based on the foregoing and being fully advised in the premises, the Court finds Monday has made the requisite showing to set aside the entry of default. Accordingly, Mr. McDermott's Motion for Default Judgment is denied. The Court however also denies

Monday's motion to dismiss under Rule 4(m) and orders Mr. McDermott to complete proper service on or before September 14, 2018.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1)  Defendant's Motion to Set Aside Default and Dismiss (Dkt. 17) is **GRANTED in part and DENIED in part**. The Motion to Set Aside Default is granted and the Motion to Dismiss is denied.

2)  Plaintiff's Motion for Default Judgment (Dkt. 13) is **DENIED**.

3)  Plaintiff is **ORDERED** to complete proper service upon the Defendant on or before **September 14, 2018**.

DATED: August 15, 2018

Honorable Edward J. Lodge
U.S. District Judge