NATHAN R. STARNES, *ISB No. 7484*
LITSTER FROST INJURY LAWYERS
3501 W Elder Street, Suite 208
Boise, ID 83705
Telephone: (208) 489-6400
Facsimile: (208) 489-6404
nathan@litsterfrost.com

*Attorney for Defendant Monday Monday, LLC.*

---

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

---

| | |
|---|---|
| MATTHEW MCDERMOTT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MONDAY MONDAY, LLC, an Idaho limited Liability company,<br><br>Defendant. | Case No. 1:18-cv-79<br><br>**ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

By and through counsel of record, Defendant submits the following as an Answer to Plaintiff's Complaint and Demand for Jury Trial, filed March 16, 2018, (hereinafter "Complaint").

In answering this Complaint, Defendants expressly reserve, in addition to the defenses set forth below, all defenses provided for or authorized by Fed. R. Civ. P. 12 and all other defenses provided by law.  Moreover, Defendant states that their investigation of this matter is continuing and as such, certain averments, statements and defenses may change in the future in light of additional or newly discovered information.

## GENERAL DENIAL

Defendant denies any and all allegations in Plaintiff's Complaint not expressly admitted herein.

## NATURE OF THE ACTION

1.  With regard to paragraph 1, Defendant specifically denies claims of copyright infringement, unauthorized reproduction, and public display of copyrighted material with respect to the remaining allegations, and therefore, denies the same.

## JURISDICTION AND VENUE

2.  With regard to paragraph 2, Defendant denies the same.

3.  With regard to paragraph 3, Defendant denies the same.

4.  With regard to paragraph 4, Defendant denies the same.

## PARTIES

5.  With regard to paragraph 5, Defendant is without information sufficient to admit or deny, and therefore, denies the same.

6.  With regard to paragraph 6, Defendant admits the same.

## FACTS

7.  With regard to paragraph 7, Defendant is without information sufficient to admit or deny, and therefore, denies the same.

8.  With regard to paragraph 8, Defendant is without information sufficient to admit or deny, and therefore, denies the same.

9.  With regard to paragraph 9, Defendant is without information sufficient to admit or deny, and therefore, denies the same.

10. With regard to paragraph 10, Defendant is without information sufficient to admit or deny, and therefore, denies the same.

11. With regard to paragraph 11, Defendant admits the same.

12. With regard to paragraph 12, Defendant denies the same.

13. With regard to paragraph 13, Defendant denies the same.

## FIRST CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT

14. With regard to paragraph 14, this paragraph contains no factual allegations, therefore Defendant denies the same.

15. With regard to paragraph 15, Defendant denies the same.

16. With regard to paragraph 16, Defendant denies the same.

17. With regard to paragraph 17, Defendant denies the same.

18. With regard to paragraph 18, Defendant denies the same.

19. With regard to paragraph 19, Defendant denies the same.

20. With regard to paragraph 20, Defendant denies the same.

## SECOND CLAIM FOR RELIEF

## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION

21. With regard to paragraph 22, this paragraph contains no factual allegations therefore Defendant denies the same.

22. With regard to paragraph 23, Defendant denies the same.

23. With regard to paragraph 24, Defendant denies the same.

24. With regard to paragraph 25, Defendant denies the same.

25. With regard to paragraph 26, Defendant denies the same.

26. With regard to paragraph 27, Defendant denies the same.

27. With regard to paragraph 28, Defendant denies the same.

28. With regard to paragraph 29, Defendant denies the same.

## AFFIRMATIVE DEFENSES

1. Plaintiff's counsel fails to state a claim upon which relief can be granted as to some or all of the claims therein.

2. Plaintiff has failed to exhaust administrative remedies with regard to some or all of the claims asserted for which exhaustion is required under applicable law.

3. Defendant is entitled to safe harbor under the provisions in the Digital Millennium Copyright Act.

4. Plaintiff has failed to mitigate damages, if any.

5. Plaintiff's damages, if any, are solely attributable to the conduct of Plaintiff and/or were proximately caused in whole or in part by unforeseeable, independent, intervening, and/or superseding events and by the unforeseeable, acts and/or omissions of persons or entities other than Defendant.

6. The Complaint is barred, in whole or in part, based on principles of unclean hands.

7. Plaintiff lacks standing to pursue claims in this matter and/or Plaintiff's claims are moot and/or not yet ripe.

8. Plaintiff's claims are precluded by the Doctrines of Waiver, Estoppel and/or Laches.

9.  Plaintiff's claims are precluded by the applicable Statutes of Limitation.

10. Defendant alleges that Plaintiff's damages, if any, were proximately caused by the superseding, intervening, negligence, omissions, fault or actions of other third persons or parties for which Defendant is not responsible, and that any negligence or breach

of duty on the part of Defendant if any, was not a proximate cause of the alleged loss to the plaintiff.  In asserting this defense, Defendant does not admit any negligence or breach of duty, and to the contrary, denies all allegations of negligence or breach of duty.

11. The actions of Defendant were at all times carried out in good faith.  Defendant had objectively reasonable belief that all conduct was lawful at all times stated in Plaintiff's Complaint.

12. Defendant may have additional defenses to Plaintiff's Complaint, but cannot at this time, consistent with Rule 11 of the Idaho Rules of Civil Procedure, state with specificity those defenses.  Accordingly, Defendants reserve the right to supplement the Answer and add additional defenses as discovery if this case progresses.

## REQUEST FOR ATTORNEY FEES

Defendant has been required to retain counsel to defend this action and is entitled to recover reasonable attorney fees and costs incurred in the defense of this action from Plaintiff, pursuant to 42 U.S.C. §1988; Idaho Code §§6-918A, Rules 54 and 58 of the Federal Rules of Civil Procedure and all other applicable laws allowing for the recovery of costs or attorney fees in this action.  Defendant denies that Plaintiff is entitled to any award of attorney fees.

## DEMAND FOR JURY TRIAL

Defendant requests a trial of the issues of fact herein by a jury.

WHEREFORE, Defendant prays for judgement as follows:

1.   That Plaintiff's Complaint be dismissed with prejudice, with Plaintiff taking nothing thereunder;

**ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL - 5**

2.   Defendant be awarded costs and attorney fees necessarily incurred in defending this action;

3.   For such other relief as the court may deem just and proper.

DATED this 2nd day of October, 2018.

/s/ Nathan R. Starnes
NATHAN R. STARNES

## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the foregoing document upon the following this 2nd day of October, 2018, electronically filing with the Clerk of the Court using CM/ECF system with a Notice of Electronic Filing to the following persons:

| Daniel W. Bower | [  ] | U.S. Mail |
| dbower@morrisbowerhaws.com | [  ] | Facsimile Transmission |
| | [  ] | Hand Delivery |
| | [  ] | Overnight Courier |
| | [X] | CM/ECF |

/s/ Nathan R. Starnes
NATHAN R. STARNES

**ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL - 6**