UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATTHEW MCDERMOTT, an individual,<br><br>Plaintiff,<br>vs.<br><br>MONDAY MONDAY, LLC, an Idaho limited Liability company,<br><br>Defendant. | Case No. 1:18-cv-79-JEL<br><br>**DISCOVERY PLAN** |

# I.   Preservation

   a. **Preservation & Proportionality:** The parties have applied the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

   b. **Electronically Stored Information (ESI):** With regard to ESI, the parties agree that:

      i. **Date Range:** ESI related to the date of alleged copyright infringement, May 5, 2017 will be preserved;

      ii. **Scope of Preservation:** The parties agree to:

         1. Preserve the Following Types of ESI

            a. Exhibits attached to Complaint.

-1-

        b. The parties agree to further discuss the types of ESI to be preserved, the Custodians or Job Titles of Custodians, and the Locations of ESI.

    2. From the Following Systems, Servers, or Databases

        a. Not known at this time.

iii. **Preserved But Not Searched:** These data sources are not reasonably accessible because of undue burden or cost pursuant to Rule 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced:

    1. *Not known at this time.*

iv. **Not Preserved:** Among the sources of data the parties agree are not reasonably accessible pursuant to Rule 26(b)(2)(B), and shall not be preserved, are the following:

    1. *Not known at this time.*

v. **ESI Retention Protocols:** The parties agree that all relevant information has already been preserved to the best of their knowledge. Therefore, Defendants' ESI retention protocols do not need to be modified.

vi. **Cost Sharing:**

    ☒ *The parties agree to bear their own costs for preservation of e-discovery.*

## II.     Initial Disclosures

a. *[will be provided]* Pursuant to Rule 26(a), initial disclosures were provided on the following dates:

- Plaintiffs:    February 28, 2019.
- Defendants:   February 28, 2019.

## III.    Scope of Discovery

a. **Scope:** The parties agree that the scope of Discovery is limited as provided herein and by the Federal Rules of Civil Procedure.

## IV.    Discovery Boundaries

a. **Limits:** The parties agree to limit the number of discovery tools consistent with the Federal Rules of Civil Procedure.

## V.     ESI

a. **ESI Production:** All ESI has been preserved, collected, and will be produced in the format in which it is normally kept.

## VI.    Deadlines

a. The deadline for the completion of fact discovery is: July 26, 2019.

b. The deadline for completion of expert witness discovery is: July 26, 2019.

## VII.   Documents Protected From Discovery

a. **<u>Clawback:</u>**  Pursuant to Fed. R. Evid. 502(d), the parties request the Court to enter an Order that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding. The Court will enter such an order in its CMO unless the parties object or otherwise request that no such order be issued during the telephone scheduling conference.

b. **<u>Quick Peek:</u>**  The parties

⊠*[agree that a "quick peek" process pursuant to Fed.R.Civ.P. 26(b)(5) is not necessary in this case]*

c. **<u>Post-Complaint Communications:</u>**  Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

## VIII.    <u>Protective Order</u>

a. The parties will agree to the terms of a Protective Order to protect *[trade secrets, proprietary material, personal information, etc]* and will submit that to the Court for its approval.

b. The parties understand that, even if they agree to seal material filed with the Court, they must still file a motion to seal and obtain Court approval that

the sealing meets the Ninth Circuit standards for sealing.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).