# EXHIBIT C

## *Pereira v. 3072541 Can. Inc.*

United States District Court for the Southern District of New York

November 15, 2018, Decided; November 15, 2018, Filed

No. 17-CV-6945 (RA)

**Reporter**
2018 U.S. Dist. LEXIS 195406 *; 2018 WL 5999636

AL PEREIRA, Plaintiff, v. 3072541 CANADA INC., doing business as KENDALL + KYLIE, Defendant.

**Counsel:** [*1] For Al Pereira, Plaintiff: Richard Liebowitz, Liebowitz Law Firm, PLLC, Valleystream, NY.

For 3072541 Canada Inc., doing business as Kendall + Kylie, Defendant: Jeffrey A. Kobulnick, PRO HAC VICE, Brutzkus Gubner LLP, Woodland Hills, CA.

**Judges:** Ronnie Abrams, United States District Judge.

**Opinion by:** Ronnie Abrams

## Opinion

### MEMORANDUM OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Now before the Court. is Defendant's motion for attorneys' fees and costs under *Federal Rule of Civil Procedure 11*, *28 U.S.C. § 1927*, and *17 U.S.C. § 505*. Defendant seeks sanctions primarily against Plaintiff's counsel, Mr. Richard Liebowitz, for his conduct throughout this case. Plaintiff responded in opposition to Defendant's motion and further requested sanctions against Defendant for filing it. For the reasons set forth below, the Court denies both parties' sanction requests.

### BACKGROUND

On September 12, 2017, Plaintiff filed the Complaint in this action against Kendall Jenner, Inc., seeking an award of actual damages and the disgorgement of any profits for the alleged infringement of a photograph that Plaintiff purportedly took of the rappers Tupac Shakur, Notorious B.I.G., and Redman. The Complaint alleged that "Jenner copied the Photograph and placed it on a t-shirt to sell to the public" [*2] without having "license[d] the Photograph from Plaintiff." Compl. ¶¶ 10-11 (Dkt. 1). The Complaint asserted one cause of action: a claim for copyright infringement "under *Sections 106* and *501 of the Copyright Act*, *17 U.S.C. § 106* and *501*." *Id.* ¶ 14. The day after Plaintiff filed the Complaint, Defendant's counsel sent Mr. Liebowitz an email explaining some of his concerns regarding Plaintiff's claim, including that Plaintiff had sued the wrong corporate entity. *See* Kobulnick Decl. ¶¶ 6-9. In response, Mr. Liebowitz emailed Defendant's counsel demanding $25,000 to settle the case. *See id.* ¶ 10. Defendant's counsel conducted some research and learned that Plaintiff had not registered the copyright to his photograph until "well after the alleged infringement" and the photograph's first publication, which would limit Plaintiff's potential recovery under the Copyright Act to his actual damages and Defendant's profits. *Id.* ¶¶ 11, 12 (citing *17 U.S.C. §§ 412*, *504*). Defendant's counsel communicated this conclusion to Mr. Liebowitz

and offered to settle the matter for $100—more than the maximum potential amount, in Defendant's view, that Plaintiff "could ever conceivably recover" if he prevailed on all issues. *Id.* ¶¶ 15, 17. Plaintiff, through [*3] Mr. Liebowitz, rejected the offer and again demanded $25,000, which he later lowered to $12,500, to settle the case.¹ *See id.* ¶¶ 16, 25.

On September 14, 2017, this Court issued an order and notice of initial conference, which also ordered Mr. Liebowitz to serve that notice on Defendant. Mr. Liebowitz failed to do so, but Defendant's counsel saw the notice on ECF and the conference proceeded as scheduled on December 1, 2017. *See* Endorsed Letter (Dkt. 11). At the conference, Plaintiff acknowledged for the first time that he had sued the wrong corporate defendant and stated that he would file an amended complaint against the proper entity. *See* Kobulnick Decl. ¶ 23. Defendant's counsel, meanwhile, asserted that Plaintiff's maximum recovery would be less than $100 in the event that he prevailed on all issues and expressed skepticism that Plaintiff would be able to do so. In light of these representations and for the reasons stated on the record, the Court ordered Plaintiff to show cause why he should not be required to post bond to proceed with the action under *Local Civil Rule 54.2*. On December 8, 2017, Plaintiff filed his Amended Complaint naming the proper corporate defendant. Am. Compl. (Dkt. 13). He did [*4] not, however, timely file a response to the Court's order to show cause. The Court *sua sponte* extended Plaintiffs time to respond and Plaintiff thereafter requested two additional extensions of time, which the Court granted or granted in part. In denying Mr. Liebowitz's second request in part, the Court noted that Mr. Liebowitz's requests for extensions of time had not complied with the Court's Individual Rules and Practices in Civil Cases. *See* Endorsed Letter (Dkt. 23). Ultimately, Plaintiff chose to voluntarily dismiss his Amended Complaint without prejudice under *Federal Rule of Civil Procedure 41(a)(1)(A)(i)* rather than respond to the Court's order to show cause.

Nearly three months after that dismissal, Defendant filed the present motion for attorneys' fees and costs. In the motion, Defendant argues that Mr. Liebowitz's conduct in this case was unreasonable, designed to protract the litigation in this case, and intended to coerce Defendant into agreeing to pay Plaintiff substantial and unwarranted sums to settle. *See* D's Reply Mem. at 3 (Dkt. 33). Defendant focuses on Mr. Liebowitz's failure to serve the order and notice of initial conference, his decision to file an Amended Complaint even after Defendant made its $100 settlement [*5] offer, and his requests for extensions of time to respond to the order to show cause, followed by his dismissal of the case without prejudice. *Id.* Defendant asserts three legal bases for its request: *Federal Rule of Civil Procedure 11*, *28 U.S.C. § 1927*, and the *Copyright Act, 17 U.S.C. § 505*. Soon after Defendant's counsel filed his motion papers, he learned that Mr. Liebowitz had re-filed the same lawsuit in the Central District of California. *See* Kobulnick Supp. Decl. ¶¶ 5, 7 (Dkt. 34).

Plaintiff responded in opposition to Defendant's motion, arguing among other things (1) that sanctions under *Rule 11* are unavailable because Plaintiff dismissed his Amended Complaint under *Rule 41(a)* well

---

¹ Mr. Liebowitz argues that these and other settlement communications between him and opposing counsel are inadmissible under *Federal Rule of Evidence 408*. That rule forbids the introduction of evidence of settlement communications only when offered "either to prove or disprove the validity or amount of a disputed claim or to impeach[.]" *Fed. R. Evid. 408*. The Court need not decide whether this evidence is being offered to "disprove the validity" of Plaintiff's claims here, however, because the Court declines to exercise its discretion to award fees and costs regardless.

before Defendant filed its motion, (2) that sanctions under 28 U.S.C. § 1927 are inappropriate because Mr. Liebowitz did not act in bad faith, and (3) that Defendant cannot recover under the Copyright Act because it was not a "prevailing party" under 17 U.S.C. § 505. Mr. Liebowitz further requested sanctions against Defendant for filing its motion. Defendant replied.

## LEGAL STANDARDS

Although the standards for awarding attorneys' fees and costs under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and 17 U.S.C. § 505 vary slightly and may apply in different contexts, they share an emphasis on whether the relevant attorney's conduct was intentional, unreasonable, and made [*6] for an improper purpose. The district court has significant discretion to determine whether the award of fees and costs is appropriate under each of these authorities. See Kim v. Kimm, 884 F.3d 98, 106 (2d Cir. 2018) (Rule 11 and 28 U.S.C. § 1927); Medforms, Inc. v. Healthcare Mgmt. Sols., Inc., 290 F.3d 98, 117 (2d Cir. 2002) (17 U.S.C. § 505).

Rule 11 "requires the attorney or unrepresented party filing litigation documents to certify that the documents . . . are not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" Kim, 884 F.3d at 106 (citation and internal marks omitted). A court may sanction an attorney, law firm, or party who violates this rule. Fed. R. Civ. P. 11(c)(3). Such sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," and can include reasonable attorneys' fees. Fed. R. Civ. P. 11(c)(4).

Under 28 U.S.C. § 1927, the Court must "find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." Kim, 884 F.3d at 106 (citations and internal marks omitted). If it does, the court may then sanction attorneys "who so multipl[y] the proceedings in any case unreasonably and vexatiously" by requiring them "to satisfy personally the excess costs, expenses, [*7] and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

Finally, under 17 U.S.C. § 505, courts have "the discretion to award reasonable attorneys' fees to a prevailing party" in federal copyright actions. Zalewski v. Cicero Builder Dev., Inc., 754 F.3d 95, 108 (2d Cir. 2014). "[T]he Supreme Court has suggested a list of non-exclusive factors that courts may consider" in making the determination of whether fees are appropriate under this statute, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. (citation and internal marks omitted).

## DISCUSSION

The Court is troubled by Mr. Liebowitz's conduct in this case, as in many of his law firm's hundreds of other copyright cases. See, e.g., McDermott v. Monday Monday, LLC, No. 17-CV-9230 (DLC), 2018 U.S. Dist. LEXIS 28664, 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018) (noting that "Plaintiffs counsel, Richard Liebowitz, is a known copyright 'troll,' filing over 500 cases in this district alone in the past twenty-four months" and warning him that future frivolous arguments or filings in other cases may be sanctionable). The Court finds

particularly concerning Mr. Liebowitz's repeated failures to follow the orders and rules of this Court and others within the district, **[*8]** as well as his propensity to take unreasonable positions and to omit crucial facts—or even to make outright misrepresentations—in an apparent attempt to increase costs and to extort unwarranted settlements. *See, e.g., Reynolds v. Hearst Communs., Inc., No. 17-CV-6720 (DLC), 2018 U.S. Dist. LEXIS 35453, 2018 WL 1229840, at \*4 (S.D.N.Y. Mar. 5, 2018)* (finding that Mr. Liebowitz had "failed to comply with orders in this litigation, as he has in other lawsuits" and that he had "inevitably increase[d] the cost of litigation" by failing to disclose certain facts), *reconsideration denied*, 2018 U.S. Dist. LEXIS 53324, 2018 WL 1602867, at \*2 (S.D.N.Y. Mar. 29, 2018); *Rudkowski v. Mic Network, Inc., No. 17-CV-3647 (DAB), 2018 U.S. Dist. LEXIS 49975, 2018 WL 1801307, at \*3 & n.3 (S.D.N.Y. Mar. 23, 2018)* ("caution[ing]" Mr. Liebowitz for making misrepresentations to the court); *Steeger v. JMS Cleaning Servs., LLC, No. 17-CV-8013 (DLC), 2018 U.S. Dist. LEXIS 42797, 2018 WL 1363497, at \*3 (S.D.N.Y. Mar. 15, 2018)* (imposing educational and financial sanctions on Mr. Liebowitz for failing to comply with court orders and noting that Mr. Liebowitz's submissions to the court evinced a "pattern of omissions and misrepresentations").

Here, Mr. Liebowitz failed to follow this Court's orders and rules in at least three ways: (1) by failing to serve the order of initial conference on Defendant; (2) by failing to submit his response to the Court's order to show cause in a timely manner; and (3) by failing to comply with the Court's Individual Rule 1(D) when requesting extensions of time. His other actions throughout even the short time span of this case—including **[*9]** but not limited to his delay in amending the complaint to sue the correct corporate defendant, his multiple requests for extensions of time, and his unreasonable settlement demands—are also troubling, especially given Plaintiff's ultimate decision to dismiss the case voluntarily.

Despite these concerns, the Court is not persuaded that sanctions are justified in this particular case. Although the potential damages award in this case may well have been modest if not negligible, Mr. Liebowitz rightly notes in his opposition papers that there is no minimum amount of damages necessary to succeed in a copyright-infringement action under federal law and that, even where no damages can be proven, a copyright owner may be entitled to a declaratory judgment of infringement. *See On Davis v. The Gap, Inc., 246 F.3d 152, 159 (2d Cir. 2001)*, as amended (May 15, 2001) ("The existence of damages suffered is not an essential element of a claim for copyright infringement."). That legal conclusion of course does not give Mr. Liebowitz or his law firm the right to vexatiously prolong litigation and thereby force his opposing counsel to incur needless expenses, particularly where damages awards are likely to pale in comparison to those costs and fees. Here, however, **[*10]** Plaintiff's claims are at least colorable, and he dismissed the lawsuit voluntarily at an early stage in the litigation, before Defendant filed its response to the Amended Complaint.

Although a close question, under these circumstances, the Court exercises its discretion to deny Defendant's request for sanctions under *Rule 11*, *28 U.S.C. § 1927*, and *17 U.S.C. § 505*. The Court thus need not address Plaintiff's various legal arguments regarding the threshold applicability of those authorities to the circumstances here. Plaintiff's cross-request for fees for responding to Defendant's motion, meanwhile, is denied as meritless. The Court expresses no view as to whether Mr. Liebowitz's decision to re-file the case in California is sanctionable, as it lacks the authority to sanction attorneys "for

conduct that occurred in other courts." See Galonsky v. Williams, No. 96-CV-6207 (JSM), 1997 U.S. Dist. LEXIS 19570, 1997 WL 759445, at *7 (S.D.N.Y. Dec. 10, 1997). To the extent that Mr. Liebowitz and/or his law firm engage in misconduct in the future, however, the Court will not hesitate to impose sanctions.

## CONCLUSION

For the reasons explained above, the parties' requests for sanctions, attorneys' fees, and costs are denied.

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 30.

SO ORDERED.

Dated: November 15, 2018

New York, [*11] New York

/s/ Ronnie Abrams

Ronnie Abrams

United States District Judge

**End of Document**