# EXHIBIT D

Last updated December 11, 2018 01:10:33 pm GMT

## Leibowitz v. Galore Media, Inc.

United States District Court for the Southern District of New York

September 20, 2018, Decided; September 20, 2018, Filed

18 Civ. 2626 (RA)(HBP)

**Reporter**
2018 U.S. Dist. LEXIS 161110 *; 2018 WL 4519208

KRISTY LEIBOWITZ, Plaintiff, -against- GALORE MEDIA, INC., Defendant

**Counsel:** [*1] For Kristy Leibowitz, Plaintiff: Yekaterina Tsyvkin, Liebowitz Law Firm PLLC, Valley Stream, NY; Richard Liebowitz, Liebowitz Law Firm, PLLC, Valleystream, NY.

For Galore Media, Inc., Defendant: Andrew Isaac Gerber, LEAD ATTORNEY, Kushnirsky Gerber PLLC, New York, NY.

**Judges:** HENRY PITMAN, United States Magistrate Judge.

**Opinion by:** HENRY PITMAN

## Opinion

### OPINION AND ORDER

PITMAN, United States Magistrate Judge

I. Introduction

By notice of motion dated July 25, 2018 (Docket Item ("D.I.") 21), plaintiff seeks reconsideration of my Order, filed July 11, 2018, requiring plaintiff to post a $10,000.00 bond as security for costs pursuant to Rule 54.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rule 54.2") (Order, dated July 11, 2018 (D.I. 18) ("July 11, 2018 Order"); Notice of Motion for Reconsideration or Reargument, dated July 25, 2018 (D.I. 21) ("Pl.'s Motion")). In the alternative, plaintiff requests that the bond amount be reduced and/or that the bond be made due after the September 18, 2018 settlement conference (Pl.'s Motion). For the following reasons, plaintiff's request is denied in all respects.

II. Background

The facts underlying this action are summarized in the July 11, 2018 Order. The [*2] reader's familiarity with that decision is assumed; I recite only those facts relevant to the motion before me.

Plaintiff is a photojournalist and sole proprietor of a New York domestic limited liability company (Complaint, dated Mar. 26, 2018 (D.I. 1) ("Compl.") ¶ 11-18). On December 3, 2014, the New York Post published an article profiling performances at Art Basel, an annual music and arts festival held in Miami, featuring two photographs of the popular singer, songwriter and entertainer Miley Cyrus (the "Photographs") taken by plaintiff ("Stars Support the Art of Partying at Art Basel," The New York Post, dated Dec. 3, 2014, annexed as Ex. B to Compl.). On a subsequent, unspecified date, defendant published an article about Art Basel on its website also featuring the Photographs (Compl. ¶¶ 17-24; "Art Basel Pix to Give You Major Forno," Galore Media Inc., annexed as Ex. D to Compl.). Plaintiff discovered this unauthorized

use of her Photographs in 2016 (Compl. ¶ 24).

Plaintiff commenced this action pursuant to the Copyright Act, 17 U.S.C §§ 101 et seq. (the "Copyright Act"), alleging that she owns the copyright to the Photographs and that defendant did not obtain a license or consent to publish the Photographs [*3] (Compl. ¶¶ 17-24). Plaintiff seeks actual damages and disgorgement of defendant's profits, gains or advantages of any kind attributable to defendant's use of the Photographs.

On approximately June 2, 2018, defendant tendered an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Rule 68 Offer"), the amount of which the record does not disclose. On June 6, 2018, the Honorable Ronnie Abrams, United States District Judge, conducted an initial pretrial conference at which defendant requested that plaintiff be required to post a bond in the amount of $10,000.00 as security for costs pursuant to Local Civil Rule 54.2. Judge Abrams ordered plaintiff to show cause why a bond should not be required as a condition for proceeding with this action, directed briefing on the issue and referred this matter to me for, among other things, resolution of the Order to Show Cause.

In my July 11, 2018 Order, I explained that six factors (the "Cruz Factors") are relevant in assessing a motion to require a bond pursuant to Local Civil Rule 54.2:
   1. "[T]he financial condition and ability to pay of the party at issue";
   2. "[W]hether that party is a non-resident or foreign corporation";
   3. "[T]he merits of the underlying claims";
   4. "The extent and scope of discovery";
   5. "[T]he legal [*4] costs expected to be incurred" and
   6. "[C]ompliance with past court orders."

Cruz v. American Broad. Cos., Inc., 17 Civ. 8794 (LAK), 2017 U.S. Dist. LEXIS 196317, 2017 WL 5665657 at *1 (S.D.N.Y. Nov. 17, 2017) (Kaplan, D.J.), quoting Selletti v. Carey, 173 F.R.D. 96, 100 (S.D.N.Y. 1997) (Chin, then D.J., now Cir. J.), aff'd, 173 F.3d 104 (2d Cir. 1999). I then concluded that the fifth and sixth Cruz factors warranted the imposition of a bond for costs, and that a bond in the amount of $10,000.00 was reasonable in light of the bond amounts set in similar actions and the fact that plaintiff did not oppose the amount of the bond sought by defendant (July 11, 2018 Order at 4-9, citing Reynolds v. Hearst Commc'ns, Inc., 17 Civ. 6720 (DLC), 2018 U.S. Dist. LEXIS 35453, 2018 WL 1229840 at *5 (S.D.N.Y. Mar. 5, 2018) (Cote, D.J.)). Specifically, I found that imposition of the bond was justified by (1) the prospect that defendant could be entitled to costs under the Copyright Act and (2) plaintiff's counsel's well-documented history of evading court orders in similar litigation in this District (July 11, 2018 Order at 4-9).

Plaintiff has moved, pursuant to Local Civil Rule 6.3 and Fed.R.Civ.P. 60(b), for reconsideration of my July 11 Order. Plaintiff does not challenge my finding that the sixth Cruz factor listed above -- plaintiff's history of noncompliance with court orders -- warrants requiring a bond pursuant to Local Rule 54.2. Rather, plaintiff argues that I erred in [*5] relying on the fifth Cruz factor -- the expectation that plaintiff may be required to pay defendant's costs -- in directing that a bond be imposed (Plaintiff's Memorandum of Law, dated July 25, 2018 (D.I. 22) ("Pl.'s Mem.") at 5-8). Specifically, plaintiff argues that because the "facts here point to a sophisticated media company's feckless disregard of the copyright holder's rights," defendant cannot qualify as a "prevailing party" within the meaning of the fee-shifting provision of the Copyright Act ("Section 505"), and, thus, has no prospect of recovering costs under Section 505, even if the judgment

obtained by plaintiff is less than the amount of the *Rule 68* Offer (Pl.'s Mem. 2; see Pl.'s Mem. at 5-8). Accordingly, plaintiff argues that the fifth *Cruz* factor weighs against requiring a bond.

In the alternative, plaintiff argues that the amount of the bond should be reduced to $2,000.00 rather than $10,000.00, and that the deadline by which plaintiff is required to post the bond be delayed until after a settlement conference that was held on September 18, 2018 (Pl.'s Motion).

III. Analysis

A. Legal Standard

Motions for reconsideration are appropriate only under limited circumstances. As explained by the late Honorable **[*6]** Peter K. Leisure, United States District Judge, in *Davidson v. Scully, 172 F. Supp. 2d 458, 461-62 (S.D.N.Y. 2001)*:

> A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court. See *Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995)*. A party seeking reconsideration "is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *Polsby v. St. Martin's Press, Inc., No. 97 Civ. 690, 2000 U.S. Dist. LEXIS 596, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)* (Mukasey, J.). Thus, a motion for reconsideration "is not a substitute for appeal and 'may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision.'" *Morales v. Quintiles Transnational Corp., 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998)* (citation omitted).

See also *Torres v. Carry, 672 F. Supp. 2d 346, 348 (S.D.N.Y. 2009)* (Marrero, D.J.); *Mahmud v. Kaufmann, 496 F. Supp. 2d 266, 269-70 (S.D.N.Y. 2007)* (Conner, D.J.).

"The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusions reached by the court." *Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)*; accord *In re 650 Fifth Ave. & Related Props., 08 Civ. 10934 (KBF), 2014 U.S. Dist. LEXIS 104532, 2014 WL 3744404 at *1 (S.D.N.Y. July 28, 2014)* (Forrest, D.J.), **[*7]** aff'd sub nom., *Havlish v. Hegna, 673 F. App'x 34 (2d Cir. 2016)* (summary order); see also *Quinn v. Altria Grp., Inc., 07 Civ. 8783 (LTS)(RLE), 2008 U.S. Dist. LEXIS 62927, 2008 WL 3518462 at *1 (S.D.N.Y. 2008)* (Swain, D.J.) ("A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error to prevent manifest injustice."), citing *Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)*. "These limitations serve to ensure finality and to prevent losing parties from using motions for reconsideration as a vehicle by which they may then plug the gaps of a lost motion with additional matters." *In re City of New York, as Owner & Operator of M/V Andrew J. Barberi, CV 03 6049 (ERK)(VVP), 2008 U.S. Dist. LEXIS 31489, 2008 WL 1734236 at *1 (E.D.N.Y. Apr. 10, 2008)*, citing *Zoll v. Jordache Enters. Inc., 01 Civ. 1339 (CSH), 2003 U.S. Dist. LEXIS 6991, 2003 WL 1964054 at *2 (S.D.N.Y. Apr. 24, 2003)* (Haight, D.J.); accord *Cohn v. Metro. Life Ins.*

Co., 07 Civ. 928 (HE), 2007 U.S. Dist. LEXIS 68409, 2007 WL 2710393 at *1 (S.D.N.Y. Sept. 7, 2007) (Baer, D.J.).

B. Application of the Foregoing Principles

Plaintiff argues that I overlooked the "prevailing precedent in this Circuit and around the nation[,]" which instructs that where, as here, defendant in a copyright action has made an offer pursuant to Fed.R.Civ.P. 68, defendant cannot recover costs, including reasonable attorney's fees, unless defendant prevails on the merits; the Rule 68 Offer, plaintiff argues, does not by [*8] itself entitle defendant to costs under Section 505 (Pl.'s Mem. at 5-8). Plaintiff asserts that, because her claims are meritorious, there is no prospect that the Court would award defendant's costs pursuant to Section 505, even if the amount of the judgment plaintiff obtains is less than the Rule 68 Offer.

In Baker v. Urban Outfitters, Inc., 431 F. Supp. 2d 351, 361 (S.D.N.Y. 2006), the Honorable Loretta A. Preska, United States District Judge, explained that:

> As used in Rule 68, the term "costs" refers to all costs awardable under the statute or other authority that is the basis for the underlying claim. Marek v. Chesny, 473 U.S. 1, 9, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985); Wilson v. Nomura Sec. Int'l, Inc., 361 F.3d 86, 89 (2d Cir. 2004). Thus, where the underlying statute defines "costs" to include attorney's fees, such fees are "costs" for purposes of Rule 68. Wilson, 361 F.3d at 89. The Copyright Act defines "costs" to include attorney's fees. Specifically, in Section 505, the statute states as follows: "In any civil action under this title, the court in its discretion may allow the recovery of full costs . . . . Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

Accordingly, Judge Preska held that:

> "when the plaintiff [in a copyright action] recovers less than the defendant's formal offer of judgment[,] . . . Rule 68 [of the Federal Rules of Civil Procedure,] requires an [*9] award to defendant of its fees incurred after that offer." Nimmer on Copyright § 14.10[B], at 14-139, 14-140 (Matthew Bender & Co., Inc. 2005 (citing Jordan v. Time, Inc., 111 F.3d 102, 104-05 (11th Cir. 1997)); see also Lucas v. Wild Dunes Real Estate, Inc., 197 F.R.D. 172, 175-76 (D.S.C. 2000) (awarding attorneys' fees to defendant, in view of Offer of Judgment that exceeded final judgment and in view of the fact that the Copyright Act, 17 U.S.C. § 505, defines "costs" as including attorney's fees).

Judge Preska's decision was affirmed by the Court of Appeals for the Second Circuit. Baker v. Urban Outfitters, Inc., 249 F. App'x 845 (2d Cir. 2007).

In her Memorandum of Law in Opposition to the Order to Show Cause, plaintiff asserted the same argument she now asserts on reconsideration:

> It is important to note that the cost-shifting mechanism of Rule 68 is unlikely to include attorneys' fees. "Cases involving other fee shifting statutes have similarly held that attorneys' fees may be recovered pursuant to Rule 68 only if such fees are 'properly awardable' under the relevant statute. If prevailing party status is a prerequisite to such an award, a defendant who has not 'prevailed' within the meaning of the statute, may not recover attorneys' fees as part of a Rule 68 award." Boisson v. Banian Ltd., 221 F.R.D. 378, 381 (E.D.N.Y. 2004) (collecting cases).

* * *

Because the Copyright Act includes an award of attorney's fees as part of the costs, but only to a prevailing party, a non-prevailing defendant cannot recover [*10] attorney's fees as part of a Rule 68 award. Boisson, 221 F.R.D. at 381 (quoting Harbor Motor Co. V. Arnell Chevrolet-Geo, Inc., 265 F.3d 638, 647 (7th Cir. 2001)); accord Bruce v. Weekly World News, Inc., 203 F.R.D. 51, 54-55 (D. Mass. 2001).
(Plaintiff's Memorandum of Law in Opposition of the Proposed Bond Requirement, dated June 13, 2018 (D.I. 16) at 4-5).

In my July 11, 2018 Order, I considered and rejected plaintiff's argument. I explained that Baker teaches that a defendant in a Copyright Action may recover post-offer costs if the plaintiff recovers less than the amount of the Rule 68 Offer (July 11, 2018 Order at 5).

As noted above, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., supra, 70 F.3d at 257. Because plaintiff now raises the same argument "already briefed, considered and decided," she may not obtain relief pursuant to her motion for reconsideration. Edwards v. Rochester Inst. of Tech., 10-CV-6553, 2018 U.S. Dist. LEXIS 101619, 2018 WL 3017094 at *3 (W.D.N.Y. June 18, 2018), citing Shrader v. CSX Transp., Inc., supra, 70 F.3d at 257.

Additionally, plaintiff does not challenge my conclusion that plaintiff's counsel's history of non-compliance with court orders in similar actions justifies the imposition of a bond. Judges in this District have held, relying solely on plaintiff's counsel's record "in some of the over 500 cases he has filed in this district in the past twenty-four months" that "imposition of a bond is entirely appropriate." [*11] See Reynolds v. Hearst Commc'ns, Inc., supra, 2018 U.S. Dist. LEXIS 35453, 2018 WL 1229840 at *4 (collecting cases). Thus, even if plaintiff were correct in arguing that the fifth Cruz factor does not warrant requiring a bond, plaintiff does not argue that I erred in concluding that the sixth Cruz warrants requiring a bond.

In the alternative, plaintiff argues that the amount of the bond should be reduced from $10,000.00 to $2,000.00 (Pl.'s Motion). As noted above, a party may not "treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." Polsby v. St. Martin's Press, Inc., 97 Civ. 690 (MEM), 2000 U.S. Dist. LEXIS 596, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (Mukasey, J.). Plaintiff had the opportunity to address the bond amount in her opposition to the Order to Show Cause, but chose not to do so. Plaintiff may not now use a motion for reconsideration to negotiate a lower bond amount.

In addition, plaintiff's argument in support of a lower bond amount is based on faulty assumptions. In support of her request to reduce the amount of the bond, plaintiff's attorney affirms, based on his experience in comparable suits, that the anticipated remaining costs in this litigation will be limited to two expected depositions, [*12] which will cost no more than $854.00 each (Declaration of Richard P. Leibowitz, Esq., dated July 25, 2018 (D.I. 24) ("Leibowitz Decl.")). Attached to plaintiff's attorney's declaration is an invoice, dated June 18, 2018, from a document services provider for a certified transcript 226 pages in length, apparently relating to a deposition taken in New York, New York (Invoice from TSG Reporting, Inc., dated June 18, 2018, annexed as Ex. 1 to Leibowitz Decl.). As a matter of logic, defendant's counsel will incur additional costs other than the two expected depositions. A settlement

conference was held in on September 18, 2018 for which defendant's counsel incurred costs for preparation and attendance, and, because the conference was not successful, defendant's counsel will, no doubt, incur additional costs going forward.

Plaintiff also requests that the deadline for posting be adjourned until after September 18, 2018, the date of the settlement conference (Pl.'s Motion). In my July 11, 2018 Order, I directed that plaintiff file a bond with the Clerk of Court within 21 days of the date of that Order (July 11, 2018 Order at 10). Plaintiff presents no justification for amending the deadline [*13] set in my July 11, 2018 Order.[1]

IV. Conclusion

Because plaintiff has offered no valid reasons to revisit my July 11, 2018 Order directing that plaintiff file a bond in the amount of $10,000, plaintiff's motion for reconsideration is denied. The Clerk of the Court is respectfully requested to mark Docket Item 21 closed.

Dated: New York, New York

September 20, 2018

SO ORDERED

/s/ Henry Pitman

HENRY PITMAN

United States Magistrate Judge

**End of Document**

---

[1] Notably, plaintiff has yet to file a bond as required by my July 11, 2018 Order. Plaintiff appears to be operating under the misguided assumption that a mere motion to delay an action required by court Order, without more, operates to delay the action. Plaintiff's assumption is clearly wrong. Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc., 707 F. Supp. 1429, 1441 (D. Del. 1989) (an application for relief does not operate, by itself, to grant relief). Plaintiff's failure to post the bond in a timely manner will, no doubt, cause defendant to incur even greater costs than are unaccounted for in plaintiff's counsel's estimate.