# EXHIBIT E

Last updated December 11, 2018  01:29:06 pm GMT

# *FameFlynet, Inc. v. Shoshanna Collection, LLC*

United States District Court for the Southern District of New York

September 29, 2017, Decided; October 2, 2017, Filed

16 Civ. 7645

## Reporter

282 F. Supp. 3d 618 *; 2017 U.S. Dist. LEXIS 162704 **; Copy. L. Rep. (CCH) P31,162; 2017 WL 4402568

FAMEFLYNET, INC., Plaintiff, -against- THE SHOSHANNA COLLECTION, LLC AND SHOSHANNA GROUP, INC., Defendants.

**Subsequent History:** Reconsideration denied by, Costs and fees proceeding at, Motion granted by, in part *FameFlyNet, Inc. v. Shoshanna Collection, LLC, 2018 U.S. Dist. LEXIS 17100 (S.D.N.Y., Feb. 1, 2018)*

**Counsel:** [**1] For Plaintiff: Craig B. Sanders, Esq., Jonathan M. Cader, Esq., SANDERS LAW, PLLC, Garden City, New York.

For Defendants: Robert J. deBrauwere, Esq., Ryan S. Klarberg, Esq., PRYOR CASHMAN LLP, New York, New York.

**Judges:** ROBERT W. SWEET, United States District Judge.

**Opinion by:** ROBERT W. SWEET

## Opinion

[*621] Sweet, D.J.

Plaintiff FameFlynet, Inc. ("FFN" or the "Plaintiff"), a photojournalism corporation, has moved pursuant to *Federal Rule of Civil Procedure 56* for summary judgment against defendants Shoshanna Collection ("Shoshanna Collection") and Shoshanna Group, Inc. ("Shoshanna Group") (collectively the "Defendants"), alleging direct copyright infringement in violation of *17 U.S.C. § 106*. The Defendants have cross-moved for summary judgment under the same Rule to dismiss the Plaintiff's complaint (the "Complaint") for copyright infringement. Based on the facts and conclusions set forth below, the summary judgment motion of the Plaintiff is granted and the cross-motion of the Defendants is denied.

## I. Prior Proceedings

Plaintiff filed a complaint on September 29, 2016 against the Defendants, alleging claims of direct and vicarious copyright infringement in violation of *17 U.S.C. § 106*.[1] On June 29, 2017, Plaintiff moved [*622] for summary judgment, and Defendants timely cross-moved for summary [**2] judgment on July 14, 2017 pursuant to this Court's Order extending the deadline to file motions until August 4, 2017. The instant motions were heard and marked fully submitted on August 16, 2017.

## II. The Facts

The facts have been set forth in Plaintiff's

---

[1] Although the Plaintiff alleged vicarious copyright infringement in the Complaint, it only submitted briefs in support of the direct infringement claim, so the Court considers only that claim on this motion.

Statement of Undisputed Facts ("SUF") per Local Civil Rule 56.1(a) and Defendants' Local Rule 56.1 Responsive Statement of Material Facts and are not in dispute except as noted below.

The Plaintiff is FameFlynet, Inc., a California-based photojournalism corporation that provides entertainment-related goods and services. FFN owns the rights to a multitude of photographs, primarily featuring celebrities, which it licenses to online and print publications for profit. Plaintiff's primary assets are its library and archive of celebrity photographs. Defendants Shoshanna Collection and Shoshanna Group are a New York-based retail company and the website operator of www.shoshanna.com (the "Website"), respectively.

At issue here are two photographs, allegedly owned by the Plaintiff, of the celebrity Emmy Rossum taken at the Chateau Marmont Hotel in Hollywood, California on July 16, 2015 (collectively the "Rossum Photos" or the "Photos"). The Plaintiff asserts that it registered the Rossum [**3] Photos with the United States Copyright Office (the "USCO") on September 24, 2015, under Application No. 1-2734759362, and that the USCO approved the registration (the "Registration") that day. While the Defendants do not deny that the Plaintiff successfully registered some photographs with the USCO, Defendants dispute that the deposit copy of materials submitted to the USCO contained the Rossum Photos.

The Rossum Photos were first published on or about July 16, 2015 by E! Entertainment Online ("E! Entertainment"), which paid FFN a license fee of $75 for the Photos. On October 7, 2015, FFN observed the Rossum Photos on Defendants' Website at the following URLs: https://www.shoshanna.com/shop/world-of/cat/celebrities/ and https://www.shoshanna.com/shop/world-of/cat/press/. The parties do not dispute that an employee of one of the Defendants saved and uploaded the Rossum Photos to the Website, that Defendants had complete control over the Website, and that they actively reviewed and monitored the content posted on the Website.

### III. The Applicable Standard

Summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury [**4] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The relevant inquiry on application for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. A court is not charged with weighing the evidence and determining its truth, but with determining whether there is a genuine issue for trial. Westinghouse Elec. Corp. v. N.Y.C. Transit Auth., 735 F. Supp. 1205, 1212 (S.D.N.Y. 1990) (quoting Anderson, 477 U.S. at 249). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material [*623] fact." Anderson, 477 U.S. at 247-48 (emphasis in original).

### IV. The Plaintiff's Motion for Summary Judgment is Granted and the Defendants' Cross-Motion is Denied

The Copyright Act of 1976 (the "Copyright

Act") "grants copyright owners a bundle of exclusive rights, including the rights to 'reproduce the copyrighted work in copies' and 'to prepare derivative works based upon the copyrighted work.'" *Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc., 150 F.3d 132, 137 (2d Cir. 1998)* (citing *17 U.S.C. § 106*). To establish a *prima facie* claim of direct infringement under the Copyright Act, two elements must be demonstrated: "(1) ownership of a valid copyright; and (2) copying of constituent [**5] elements of the work that are original." *Feist Pubs., Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)* (citing *Harper & Row, Publishers, Inc. v. Nation Enterprises, 471 U.S. 539, 556, 105 S. Ct. 2218, 85 L. Ed. 2d 588 (1985))*.

a. The Plaintiff Has Established a *Prima Facie* Claim for Direct Copyright Infringement

To bring a successful claim for copyright infringement, the plaintiff must preliminarily establish valid ownership of the copyrighted work. See *Castle Rock Entm't, Inc. 150 F.3d at 137*. In addition, "[c]opyright registration is a

Here, the Plaintiff registered a compilation of photographs published between "Jul[y] 01, 2015 to Aug 31, 2015; updated daily" with the USCO, under the title "FameFlynet Pictures Database" and Registration Number "VA 1-971-327." Pl's. Br. Ex. F. The Defendants concede that Plaintiff effectively registered some compilation of photographs, but contest that the Rossum Photos are included within this compilation. See Defs'. Reply Br. 3 ("There is not a single reference in the registration certificate supporting that the registration covers the Rossum Photographs.").

The USCO provides that a single registration can effectively cover a group of published photographs if the following requirements are met: "(a) all the photographs are by the same photographer . . .; (b) all the photographs are published in the same calendar year; and (c) all the photographs have the same copyright claimant." [**6] U.S. Copyright Office, Group Registration of Published Photographs, FL-124 (2012).

[*624] Here, the Defendants have neither made any suggestion nor provided any evidence suggesting that the Plaintiff has failed to satisfy any of these requirements. First, the Registration provides that all the photographs are authored by FameFlynet, Inc., in accordance with (a). See Pl.'s Br. Ex. F. Second, all photographs within the compilation were published between July and August 2015 pursuant to (b). See *id.* Third, the Registration provides that FameFlynet, Inc. is the claimant to all the photographs pursuant to (c). See *id.* Accordingly there is no reason to believe the single registration for the compilation of the Plaintiff's photographs is invalid. Moreover, the Registration is entitled to a *prima facie* presumption of validity as provided for in *17 U.S.C. § 410(c)* because the date of first publication of any of the works in the compilation—August 31, 2015 — is well within the five-year limit of the USCO's grant of the Registration on September 24, 2015.

The Registration constitutes *prima facie* evidence of the validity of Plaintiff's copyright, shifting to the Defendants the "heavy burden" of demonstrating the invalidity [**7] of the copyright. See *Jetmax Ltd., 2017 U.S. Dist. LEXIS 138041, 2017 WL 3726756, at *3*. "Generally speaking, the presumption of validity may be rebutted '[w]here *other evidence* in the record casts doubt on the question.'" *Fonar Corp. v. Domenick, 105 F.3d 99, 104 (2d Cir. 1997)* (citing *Durham Indus., Inc. v. Tomy Corp., 630 F.2d 905, 908 (2d Cir. 1980)* (emphasis in original)). The Defendants claim that the Registration issued by the USCO is invalid because there is "not a single reference" in the Registration specifically noting that it covers the Rossum Photos. Defs'.

Reply Br. 3. The Defendants submit no other evidence suggesting the Registration's invalidity.

The Second Circuit has concluded that "[t]he Copyright Office has expertise to determine in the first instance whether a filer has complied with the technical requirements for a registration certificate," and that "under this doctrine, the presumption may be overcome only by 'proof of deliberate misrepresentation.'" *Fonar Corp., 105 F.3d at 105* (citing *Whimsicality, Inc., 891 F.2d at 455*). To prevail on an assertion of fraud the Defendants must demonstrate that "(i) the copyright application contains one or more factual misrepresentations, (ii) the inaccuracies were 'willful or deliberate,' and (iii) the Copyright Office relied on the misrepresentations." *Id.* (citing *Whimsicality, Inc. v. Rubie's Costume Co., 891 F.2d 452, 455 (2d Cir. 1989))*. The Fonar Court found that the defendant did not [**8] overcome the presumption of the registration's validity where it made no allegations that the plaintiff defrauded or made deliberate misrepresentations to the USCO. *Fonar Corp., 105 F.3d at 105*. Here, the Defendants likewise have not alleged that FFN has either defrauded or made any deliberate misrepresentation to the Copyright Office.

As such, the presumption of the Registration's validity stands, and the Plaintiff's Registration establishes its ownership of the Rossum Photos.

The second element of the infringement analysis turns on two requirements - whether the Defendants (i) actually copied and (ii) improperly appropriated the Photos. *See Laureyssens v. Idea Group, Inc., 964 F.2d 131, 139-140 (2d Cir. 1992); see also Yurman Design, Inc. v. Golden Treasure Imps., Inc., 275 F. Supp. 2d 506, 516 (S.D.N.Y. Aug. 5, 2003)* ("To prevail on its motion for summary judgment for copyright infringement, [*625] plaintiff must also show that no genuine issue of material fact exists as to whether defendants (1) 'have actually copied [plaintiff's] works' and (2) 'that such copying was illegal because a substantial similarity exists between the defendants' [photographs] and the protectable elements of the plaintiff's [photographs]'").

"Actual copying may be established by direct evidence or by proof of defendant's access to plaintiff's work and sufficient similarity between the works to support an [**9] inference of copying." *Arden v. Columbia Pictures Indus., Inc., 908 F. Supp. 1248, 1257 (S.D.N.Y. 1995)*. Here, the Plaintiff asserts, and the Defendants do not dispute, the following facts: "FFN's two (2) photographs were also individually saved by Defendants at the following URLS . . .," SUF ¶ 23, and "The Rossum Photos were uploaded to the Website by an employee of Defendants," *id.* ¶ 24. The Defendants assert that they "merely re-published the Rossum Photos in conformity with the secondary dissemination rights available from E! Entertainment Online . . . ." Defs.' Reply Br. 2. They argue that when E! Entertainment published the Rossum Photos on its website pursuant to E! Entertainment's license with the Plaintiff, website visitors — including the Defendants — gained "the unfettered ability" to republish the Photos "throughout the Internet, without any restrictions . . . ." *Id.* 1. In sum, the Defendants saved the Photos from E! Entertainment's website to other URLs, taking the entirety of the copyrighted works. Given these undisputed facts, the Defendants have conceded actual copying of the Rossum Photos for purposes of this motion.

To prove improper appropriation, the plaintiff "must also show that substantial similarity exists with respect to protectible elements [**10] of the works." *Arden, 908 F. Supp. at 1257*. "[C]ourts employ the 'ordinary observer test,' which asks 'whether the

ordinary observer, unless he set out to detect the disparities [between the two works], would be disposed to overlook them, and regard their aesthetic appeal as the same.'" *M. Lady, LLC v. AJI, Inc., No. 06-Civ-0194(HBP), 2007 U.S. Dist. LEXIS 69209, 2007 WL 2728711, at *6 (Sept. 19, 2007)*. A side-by-side comparison demonstrates that, even if there are any disparities between the Plaintiff's Rossum Photos and those published by the Defendants — which neither party alleges - there is no doubt that an ordinary observer would not notice them.

The Defendants have actually and improperly copied the Plaintiff's works and have accordingly infringed the Plaintiff's copyright absent a showing of a valid license for such use.

### b. The Defendants Have Not Shown the Existence of a Valid License Permitting Republication of the Rossum Photos

Even where a plaintiff has demonstrated both ownership and infringement, "the existence of a license is a valid defense to an infringement claim." *Agence France Presse v. Morel, 769 F. Supp. 2d 295, 302 (S.D.N.Y. 2011)*. "Where the dispute turns on whether a license is held by the accused infringer, the defendant bears the burden to come forward with evidence of a license." *Id. at 302* (internal quotations omitted).

The Defendants assert that [**11] their republication of the Rossum Photos does not violate the Copyright Act "because [such] republication mirrors the permitted uses granted to Plaintiff's licensees, [so] Defendants' [sic] shared the Rossum Photos in a permitted manner." Defs.' Br. 6. The Defendants argue that when E! Entertainment published the Rossum Photos on its website pursuant to its license with the Plaintiff, website visitors gained "the unfettered ability" to republish the Photos [*626] "throughout the Internet, without any restrictions . . . ." Defs.' Reply Br. 1. The Defendants assert that they "merely republished the Rossum Photos in conformity with the secondary dissemination rights available from E! Entertainment Online . . . ." *Id.* 2.

The Defendants have not come forward with the alleged E! Entertainment license they claim as the basis of their lawful republication of the Photos or any legal authorities in support of their position. As the Defendants bear the burden of production, see *Agence France Presse, 769 F. Supp. 2d at 302*, they have failed to demonstrate that their publication of the Rossum Photos might be permitted pursuant to a license.

For the aforementioned reasons, the Defendants have infringed FFN's copyright in the Rossum Photos.

### c. The Plaintiff [**12] is Entitled to Statutory Damages

A copyright owner whose rights have been violated may elect to recover either statutory damages or actual damages and profits. See *17 U.S.C. § 504(c)(1)* ("[T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable . . . in a sum of not less than $750 or more than $30,000 as the court considers just."). If this Court determines that the Defendant's infringement was willful, it may, in its discretion, enhance the statutory damages award up to $150,000 per infringed work. See *id. § 504(c)(2)*. Alternatively, if the infringer "was not aware and had no reason to believe that" its acts "constituted an infringement," the Court may "reduce the award of statutory damages to a sum of not less than $200." *Id.* For the purposes of calculating statutory damages, the Copyright

Act provides that one compilation "constitutes one work." *Jett v. Ficara, No. 04 Civ. 9466(RMB)(HBP), 2007 U.S. Dist. LEXIS 55850, 2007 WL 2197834, at *8 (S.D.N.Y. July 31, 2007)*(citing *17 U.S.C. § 504(c)(1)*)(internal quotation marks omitted).

A court has "broad discretion" in awarding statutory damages within the statutory limits. *Fitzgerald Publ'g Co. v. Baylor Publ'g Co., 807 F.2d 1110, 1116 (2d Cir. 1986)*. In assessing statutory [**13] damages, courts may consider the following factors: "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperating in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *Erickson Prods. v. Only Websites, Inc., No. 12-Civ-1693(PGG)(KNF), 2016 U.S. Dist. LEXIS 44790, 2016 WL 1337277, at *2 (S.D.N.Y. Mar. 31, 2016)* (citing *N.A.S. Import, Corp. v. Chenson Enters., Inc., 968 F.2d 250, 252-53 (2d Cir. 1992))*; see also *RSO Records, Inc. v. Peri, 596 F. Supp. 849, 862 (S.D.N.Y. 1984)* (noting that the "statutory damages should bear some relation to actual damages suffered.").

To prove willfulness, "the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Island Software & Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 263 (2d Cir. 2005)*. As other courts have noted, "trebling the licensing fee . . . is in line with the general approach taken by courts" in determining statutory damages. *Erickson Prods., 2016 U.S. Dist. LEXIS 44790, 2016 WL 1337277, at *3*; see also *Broad. Music, Inc. v. Prana Hospitality, Inc., 158 F. Supp. 3d 184, 198 [*627] (S.D.N.Y. 2016)* (noting that "Second Circuit case law . . . reflects that courts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost [**14] of the licensing fees the defendant would have paid"); *Sailor Music v. IML Corp., 867 F. Supp. 565, 570 (E.D. Mich. 1994)* (finding that in cases of willful copyright infringement, a "survey of statutory awards throughout the country . . . indicate[s] that . . . courts typically award three times the amount of a properly purchased license for each infringement").

The Plaintiff here seeks a sum total of $25,000 in statutory damages and asks the Court to adjust this award up to $150,000 upon a finding of willful infringement. *See* Pl.'s Br. 11. The Plaintiff supports this suggested figure by stating that this "should provide Defendants with ample reason not [to] continue to infringe on content creators rights," and "any smaller award would likely fail to impart the necessary message and, therefore, fail to support the goals of the Copyright Act." Pl.'s Reply Br. 19. The Defendants object to this damages recommendation, arguing that "even if there were a finding in favor of Plaintiff, . . the customary damage award would entitle Plaintiff to $225 (i.e., three times Plaintiff's highest license fee of $75)." Defs.' Reply Br. 4. The parties do not dispute that the highest license fee for the Photos was $75 and was provided by E! Entertainment. *See* SUF ¶ 21; Pl.'s Br. [**15] 5.

The Plaintiff's rather arbitrary request for $25,000 in statutory damages is inconsistent with the general approach of trebling the highest licensee fee paid for use of the works. *See Erickson Prods., 2016 U.S. Dist. LEXIS 44790, 2016 WL 1337277, at *3*. Based on the undisputed facts that the Defendants' knowingly saved the Photos and then uploaded them to the Website, which they completely controlled and actively monitored,

the Defendants' willfully infringed the copyright. See SUF ¶¶ 22-23, 24-28. However, trebling the $75 licensee fee to $225 in accordance with this Circuit's 'willful infringement' case law still falls short of the mandatory minimum statutory damages of $750 under the Copyright Act. See 17 U.S.C. § 504(c)(1). Absent a showing that the "infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright," sections 504(c)(1) and (2) provide that the Court lacks the discretion to "reduce the award of statutory damages to a sum of not less than $200." Id. § 504(c)(1)-(2). Upon the finding of willful infringement the Copyright Act mandates statutory damages ". . . in a sum of not less than $750." See id. § 504(c)(1). Therefore, the Court approves an award of $750 to the Plaintiff.

### d. The Plaintiff is Entitled to Reasonable Attorney's Fees

Finally, the Court [**16] considers the Plaintiff's request for reimbursement of the costs and attorney's fees incurred in connection with this action. See Pl.'s Br. 1. Section 505 of the Copyright Act authorizes the Court, at its discretion, to award reasonable attorney's fees and costs to the prevailing party so long as the Plaintiff registered the copyright prior to the commencement of the infringement. 17 U.S.C. § 505; see Levine v. Landy, 832 F. Supp. 2d 176, 184 (S.D.N.Y. 2011). In a copyright action, the court exercises this discretion by weighing factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1985, 195 L. Ed. 2d 368 (2016). The purpose of fee [*628] awards under Section 505 is to "'encourage the types of lawsuits that promote' the purposes of the Copyright Act such as 'encouraging and rewarding authors' creations while also enabling others to build on that work.'" BWP Media USA, Inc., 2016 U.S. Dist. LEXIS 179976, 2016 WL 8309676, at *2 (citing Kirtsaeng, 136 S. Ct. at 1986).

The Plaintiff's request for reasonable attorney's fees and costs is granted as it promotes the stated purposes of the Copyright Act. Specifically, shifting fees here serves to encourage and reward innovators for their contributions in the march toward progress rather than burdening [**17] them with the costs of defending their protected works. The Plaintiff's motion for reasonable costs and attorney's fees is granted.

### V. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is granted, and Defendants' cross-motion for summary judgment is denied.

It is so ordered.

**New York, NY**

**September, 27, 2017**

/s/ Robert W. Sweet

**ROBERT W. SWEET**

**U.S.D.J.**

---

End of Document