# EXHIBIT I

Last updated December 11, 2018  01:32:31 pm GMT

## Reynolds v. Hearst Communs., Inc.

United States District Court for the Southern District of New York

March 5, 2018, Decided; March 5, 2018, Filed

17cv6720(DLC)

**Reporter**

2018 U.S. Dist. LEXIS 35453 *; 126 U.S.P.Q.2D (BNA) 1051 **; 46 Media L. Rep. 1409; 2018 WL 1229840

RAY REYNOLDS, Plaintiff, -v- HEARST COMMUNICATIONS, INC., Defendant.

**Subsequent History:** Reconsideration denied by, Request denied by *Reynolds v. Hearst Communs., Inc., 2018 U.S. Dist. LEXIS 53324 (S.D.N.Y., Mar. 29, 2018)*

**Counsel:** [*1] For the plaintiff: Richard Liebowitz, Liebowitz Law Firm, PLLC, Valleystream, NY.

For the defendant: Jonathan R. Donnellan, Ravi V. Sitwala, Jennifer D. Bishop, Hearst Corporation, New York, NY.

**Judges:** DENISE COTE, United States District Judge.

**Opinion by:** DENISE COTE

## Opinion

[**1051] OPINION AND ORDER

DENISE COTE, District Judge:

On November 24, 2015, Melania Trump spoke at a rally in support of her husband, then-candidate, Donald J. Trump. Plaintiff Ray Reynolds, a photojournalist, captured a photograph of Mrs. Trump as she was on stage. Mr. Reynolds then provided the photograph to the Trump Campaign (the "Campaign"). The Campaign, in turn, provided [**1052] the photograph to the defendant, requesting that it be included in a July 2016 article published on Elle magazine's online site about Mrs. Trump's personal fashion style. Over a year later, on September 4, 2017, plaintiff commenced this lawsuit against Hearst Communications, Inc. ("Hearst"), which owns and operates Elle. Hearst has moved for imposition of a bond before the plaintiff may proceed further with this lawsuit. For the following reasons, that application is granted.

## BACKGROUND

The complaint in this action alleged that the defendant published plaintiff's photograph without [*2] a license or plaintiff's permission. It did not reveal that the plaintiff had in fact provided the photograph to the Campaign.

At the initial conference held on December 8, when asked how the defendant could have gotten the photograph, Mr. Liebowitz did not explain that the plaintiff had actually given the photograph to the Campaign.[1] Instead, he speculated that Hearst may have taken the photograph from an article that the plaintiff had

---

[1] Mr. Liebowitz failed to appear at the pretrial conference scheduled for December 1, despite being required as principal trial counsel to appear at the conference. Instead, without seeking prior permission to do so, Mr. Liebowitz sent an associate.

licensed to publish the photograph.[2]

Defense counsel then explained that the Campaign had given the photograph to Elle.com. Only at that point did Mr. Liebowitz acknowledge that the plaintiff had in fact given the photograph to the Campaign. He asserted, however, that the plaintiff had not given the Campaign permission to share the photograph with others or media outlets. Mr. Liebowitz also admitted that he had not reached out to the defendant before commencing this lawsuit, and had not discussed the substance of the case with defense counsel prior to the conference.

After the initial pretrial conference, defendant filed a motion on December 15, 2017 to require the plaintiff to post security for costs, including attorney's fees, as a condition of proceeding [*3] with this action. The motion became fully submitted on January 26, 2018.

From the submissions made in connection with the motion, it appears that there will be a dispute between the plaintiff and the Campaign over the terms under which the plaintiff provided the photograph to the Campaign. The plaintiff explains that he was photographing Donald Trump's campaign for office in late 2015, and on November 24, photographed Melania Trump on stage at the Myrtle Beach Convention Center in South Carolina. He then provided the photograph, along with others he had taken, to the Campaign. He does not identify the person in the Campaign to whom he provided the photographs or recite their conversation. Instead, he asserts that it was his "intention" in sharing the images of the Trump Campaign events "for the Trump Campaign to use them in connection with their campaign-related social media sites, print brochures, or ads sponsored by the Trump Campaign." Then, on January 21, 2016, he deposited this photograph along with others described as "Donald Trump Campaign photos" from November 15 to January 16 with the copyright office for registration. On the plaintiff's website, he describes himself as the [*4] Photographer for the Donald J. Trump for President campaign.

On May 16, 2017, the plaintiff provided the photograph to the Liebowitz law firm, and explained that he had given it to "President Trump to use for campaign use only." He does not identify any occasion on which he has licensed the photograph for publication.

In support of this motion for a bond, the defendant explains the circumstances under which it received the photograph from the Campaign. The photograph was published on the Hearst website Elle.com as part of a story about Melania Trump. Through the Campaign's representatives at Hiltzik Strategies, Mrs. Trump provided exclusive quotes for the article to Elle.com and Hiltzik Strategies provided a digital file of the photograph. Hiltzik Srategies strongly [**1053] urged that the article use Mrs. Trump's chosen photographs, indicating that Elle.com would "get more information and exclusive content" if it agreed to use the pre-selected photographs. Hiltzik Strategies noted that Mrs. Trump felt that her selection of photographs represented "her and the clothing the best way."

## DISCUSSION

Local Civil Rule 54.2 provides:

> The Court, on motion or on its own initiative, may order any party to file an original bond [*5] for costs or additional security for costs in such an amount and so conditioned as it may designate. For

---

[2] Mr. Liebowitz did not identify any article licensed by the plaintiff to use the photograph. Nor has he done so in opposition to this motion.

failure to comply with the order the Court may make such orders in regard to noncompliance as are just, and among others the following: an order striking out pleadings or staying further proceedings until the bond is filed or dismissing the action or rendering a judgment by default against the non-complying party.

S.D.N.Y. Local Civ. R. 54.2. A bond for costs in a copyright action may include defendant's attorney's fees, as the Copyright Act permits a prevailing defendant to recover its reasonable attorney's fees. 17 U.S.C. § 505.

A court considers the following factors in determining whether to require security for costs:

> the financial condition and ability to pay of the party at issue; whether that party is a non-resident or foreign corporation; the merits of the underlying claims; the extent and scope of discovery; the legal costs expected to be incurred; and compliance with past court orders.

Cruz v. American Broadcasting Companies, Inc., Dkt. No. 17cv8794, 2017 U.S. Dist. LEXIS 196317, 2017 WL 5665657, at *1 (S.D.N.Y. Nov. 17, 2017) (citing Selletti v. Carey, 173 F.R.D. 96, 100 (S.D.N.Y. 1997) (Chin, J.), aff'd, 173 F.3d 104 (2d Cir. 1999)) (emphasis added). "[S]ecurity of attorney's fees may be included in a bond of costs" under Rule 54.2. Klipsch Grp., Inc. v. ePRO E-Commerce Ltd., 880 F.3d 620, 635 (2d Cir. 2018) (citing [*6] Johnson v. Kassovitz, 97cv5789 (DLC), 1998 U.S. Dist. LEXIS 15059, 1998 WL 655534, at *1 (S.D.N.Y. Sept. 24, 1998)).

A district court may not dismiss a case for failure to comply with a bond requirement, however, without giving adequate consideration to an asserted inability to pay. Selletti v. Carey, 173 F.3d 104, 111 n.9 (2d Cir. 1991). "[T]he imposition of a security requirement may not be used as a means to dismiss suits of questionable merit filed by plaintiffs with few resources." Id. at 112. See also Atlanta Shipping Corp. v. Chemical Bank, 818 F.2d 240, 251-52 (2d Cir. 1987) (in affirming a dismissal for failure to post bond, emphasized the absence of a showing of inability to pay). Accordingly, the established inability to pay a bond weighs "heavily" against dismissal of a case for failure to pay. Selletti, 173 F.3d at 112. When the amount of a bond exceeds a party's ability to pay, a court may accept "partial or periodic payment" or rescind the bond requirement. Id. at 111 n.9.

It is a defense to copyright infringement that the alleged infringer possessed a license to use the copyrighted work. See Graham v. James, 144 F.3d 229, 236 (2d Cir. 1998). "A copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement." 16 Casa Duse, LLC v. Merkin, 791 F.3d 247, 259 n.5 (2d Cir. 2015) (citation omitted). "A valid license . . . immunizes the licensee from a charge of copyright infringement, provided that the licensee uses the copyright as agreed with the licensor." Davis v. Blige, 505 F.3d 90, 100 (2d Cir. 2007).

"There [*7] are two general categories of licenses: non-exclusive licenses, which permit licensees to use the copyrighted material and may be granted to multiple licensees; and exclusive licenses, which grant to the licensee the exclusive right -- superior even to the copyright owners' rights -- to use the copyright material in a manner as specified by the license agreement." Id. at 99-100. All grants of exclusive rights in a copyright must be made in writing. 17 U.S.C. § 204(a). "Under federal law, nonexclusive [**1054] licenses may be granted orally, or may even be implied from conduct." Graham, 144 F.3d at 235 (citation omitted). See also 3 Nimmer on Copyright §

10.03. A non-exclusive licensee has no right to sell or to sublicense without express authorization, but an exclusive licensee may do so. See 3 Nimmer on Copyright § 10.02. Finally, "[t]he burden of proving that a license exists falls on the party invoking the defense." Graham, 144 F.3d at 236. On the other hand, the burden of proving the scope of a license falls on the copyright holder. Id.

Based on the representations by the parties, it would appear that the plaintiff gave digital files of photographs to the Campaign with no explicit agreement restricting their use, and that the Campaign provided the photographs which Mrs. Trump particularly liked, to Elle.com for a story [*8] on which the Campaign was cooperating. Whether the plaintiff retained any rights in this photograph will require discovery of the plaintiff and the Campaign. If the Campaign violated the plaintiff's rights when it asked Elle.com to publish the photograph in its story about Mrs. Trump, then it may be required to indemnify the defendant for any damages which the plaintiff succeeds in establishing that the defendant owes the plaintiff.

Although he was not forthcoming in either the complaint or when first addressing the Court at the initial pretrial conference, Mr. Liebowitz understood before filing this lawsuit that the plaintiff gave the photograph to the Campaign for its use and that the photograph had been used in a story with which the Campaign was obviously cooperating. Among other things, Mrs. Trump is quoted in the article. There is no indication in the record that Mr. Liebowitz has ever learned of any explicit or even implied agreement between the plaintiff and the Campaign that restricted the Campaign's use of the photograph in any way. His client only claims that he did not intend to allow the Campaign to share the photograph, but has provided no evidence of an agreement to that [*9] effect between him and the Campaign. If Mr. Liebowitz had spoken with defense counsel before filing this action, he would have had occasion to consider all of the facts recited above and to consider whether it was appropriate to sue Hearst at all, or whether he should sue not only Hearst but also the Campaign.

Mr. Liebowitz has filed over 500 cases in this district in the past twenty-four months. He has been labelled a copyright "troll." McDermott v. Monday Monday, LLC, 17cv9230 (DLC), 2018 U.S. Dist. LEXIS 28664, 2018 WL 1033240, at *3 n.4 (S.D.N.Y. Feb. 22, 2018). Mr. Liebowitz has been sanctioned by this Court for failure to comply with court orders and for filing misleading documents with the Court. See Steeger v. JMS Cleaning Services, LLC, 17cv8013 (DLC), ECF No. 22, 2018 U.S. Dist. LEXIS 32730 (imposing sanctions on Mr. Liebowitz and listing cases where Mr. Liebowitz has failed to comply with court orders).[3] A number Mr. Liebwoitz's cases have been dismissed from the bench as frivolous. See Cruz v. Am. Broad. Cos., 17cv8794 (LAK), 2017 U.S. Dist. LEXIS 196317, 2017 WL 5665657, at *2 n.11 (S.D.N.Y. Nov. 17, 2017) (Judge Kaplan noted that he "awarded over $121,000 in attorney's fees against a client of Mr. Liebowitz in three other, related copyright infringement cases that were dismissed from the bench." (citing Kanongataa v. Am. Broad. Cos., 16cv7392 (LAK), 2017 U.S. Dist. LEXIS 169534, 2017 WL 4776981, at *3 (S.D.N.Y. Oct. 4, 2017)). Multiple courts, on their [*10] own initiative, have ordered Mr. Liebowitz to show cause why he should not be required to post security for costs as a condition of proceeding further with an action. See, e.g., Pereira v. Kendall Jenner, Inc., 17cv6945 (RA) (Mr. Liebowitz voluntarily

---

[3] In this case as with others, there is no record that Mr. Liebowitz complied with the court order that required him to serve a notice of the initial pretrial conference on the defendant and to file proof of such service.

dismissed the case before responding to the Judge Abrams' Show Cause Order.); *Cruz v. Am. Broad. Cos., 17cv8794 (LAK), 2017 U.S. Dist. LEXIS 196317, 2017 WL 5665657, (S.D.N.Y. Nov. 17, 2017)* (Mr. Liebowitz informed the court that the parties [**1055] had settled the case before responding to Judge Kaplan's Show Cause Order.). See also *Tabak v. Idle Media, Inc., 17cv8285 (AT), ECF No. 5, 2017 U.S. Dist. LEXIS 219504* (Judge Torres ordered Mr. Liebowitz to show cause why the action should not be transferred. Mr. Liebowitz voluntarily dismissed the case before responding to the Order to Show Cause.); *Reynolds v. Intermarkets, Inc., 17cv8795 (AT), ECF No. 4, 2017 U.S. Dist. LEXIS 219505* (same).

Based on this record, the imposition of a bond is entirely appropriate. The defendant seeks a bond of at least $105,000. This is in large part based on the attorney' fees that Hearst would be entitled to if it prevailed in this action. The plaintiff asserts that he lives paycheck to paycheck and cannot pay a bond.

A Court has discretion in setting a bond amount under *Rule 54.2*. The text of the rule states [*11] that "[t]he court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount ... as it may designate." *S.D.N.Y. Local Civ. R. 54.2* (emphasis added). Given the plaintiff's impecuniosity, the immediate imposition of bond in an amount limited to $10,000 is appropriate. The defendant will be given an opportunity to take discovery of the plaintiff's financial condition and the parties will be heard as to whether any additional bond requirement should be imposed in this case.

The plaintiff argues that his claims are not frivolous and so a bond is inappropriate in this case. Frivolousness is one ground for imposition of a bond; a bond may be justified based on a variety of other factors, see supra. If the Campaign violated the plaintiff's rights in providing the photograph to the defendant, the plaintiff's case may have merit. But, to this point, it has been irresponsibly litigated. For example, in opposition to this motion, Mr. Liebowitz argues that his client's sworn testimony definitively precludes the possibility that he granted the Campaign the right to distribute his photograph. But Mr. Reynold's testimony does no such [*12] thing: he merely asserts that he did not have the "intention" of allowing the Campaign to distribute his work for publication. Plaintiff describes no communication between him and the Campaign that could justify the claim made in the opposition brief.

Mr. Liebowitz also argues that plaintiff has not willfully disobeyed court orders, obstructed discovery, or increased the cost of litigation. This is demonstrably false. Mr. Liebowitz failed to comply with orders in this litigation, as he has in other lawsuits. Further, the failure to include the Campaign as part of this suit, or to even mention the plaintiff's relationship with the Campaign in the complaint, will inevitably increase the cost of litigation.

## CONCLUSION

The defendant's December 15, 2017 motion for a bond is granted. The plaintiff shall file a bond with the Clerk of Court in the amount of ten thousand dollars ($10,000) by Friday, March 16.

Dated: New York, New York

March 5, 2018

/s/ Denise Cote

DENISE COTE

United States District Judge

**End of Document**