UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATTHEW MCDERMOTT, an individual<br><br>Plaintiff,<br><br>vs.<br><br>MONDAY MONDAY, LLC, an Idaho limited liability company,<br><br>Defendant. | Case No.   1:18-cv-00079-EJL<br><br>ORDER REQUIRING PLAINTIFF TO POST BOND |

# INTRODUCTION

Before the Court is Defendant's Motion to Require Plaintiff to Post Bond. (Dkt. 27.) No response has been filed and the time for doing so has passed. The matter is ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. In the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion is decided on the record without oral argument.

# FACTUAL AND PROCEDURAL BACKGROUND

On February 16, 2018, Plaintiff, Matthew McDermott, filed a Complaint asserting two claims against the Defendant, Monday Monday LLC ("Monday"), alleging Monday used Mr. McDermott's photographs without copyright permission and removed Mr.

McDermott's copyright information from the photographs. (Dkt. 1.) An Affidavit of Service was filed on March 29, 2018 representing that the Summons, Complaint, and Litigation Order were mailed to Defendant. (Dkt. 5.) No answer was filed. As a result, Mr. McDermott filed a Motion for Entry of Default. (Dkt. 8, 9.) On May 18, 2018, the Clerk of the Court entered Default. (Dkt. 11.)Thereafter, on May 22, 2018, Mr. McDermott filed a Motion for Entry of Default Judgment. (Dkt. 13-15.) The case was then reassigned.

On June 6, 2018, Defendant filed a Motion to Set Aside Default and for Dismissal. (Dkt. 17.) Plaintiff did not file a response. The Court set aside the Default but denied the Motion to Dismiss. (Dkt. 18.) The Court ordered Plaintiff to complete proper service on the Defendant on or before September 14, 2018, cautioning that failure to do so would result in dismissal of this matter without further notice under Federal Rule of Civil Procedure 4(m). (Dkt. 18.)

On August 28, 2018, Plaintiff filed a return of summons representing Defendant had been served on August 27, 2018. (Dkt. 19.) On September 12, 2018, Defendant filed a notice of appearance and, on October 2, 2018, Defendant filed an Answer. (Dkt. 20, 22.) The Court entered a Litigation Order directing the parties to file their litigation plans. (Dkt. 23.) Only Defendant responded by filing its discovery and litigation plans. (Dkt. 24, 25.) On January 17, 2019, the Court issued a Case Management Order setting deadlines in this case. (Dkt. 26.) There have been no filings by Plaintiff since the return of summons on August 28, 2018. On January 25, 2019, Defendant filed the instant Motion. (Dkt. 27.)

## DISCUSSION

**1.    Motion to Require Plaintiff to Post a Bond**

ORDER - 2

In the Motion, Defendant asks that the Court Order Plaintiff to obtain a bond in the amount of $10,000 prior to further litigation of this case pursuant to Federal Rule of Civil Procedure 65(c) and Local Civil Rule 65.2. (Dkt. 27.) Defendant asserts counsel for Plaintiff has, in this case and in other cases nationwide, asserted overaggressive copyright claims and abused the court system in order to educe defendants into settling the claims. Requiring a bond, Defendant argues, will deter and prevent the use of abusive tactics and frivolous litigation, promote timely resolution, and ensure Plaintiff can cover the potential costs of an award in Defendant's favor.

Under Local Civil Rule 65.2, the Court "may, upon demand of any party, where authorized by law and for good cause shown, require any party to furnish security for costs which may be awarded against such party in an amount and on such terms as are appropriate." Federal district courts "have inherent power to require plaintiffs to post security for costs." *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994) "'Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved.'" *Id.* (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 2671).

In Idaho, determining the amount of a security bond, in the context of a preliminary injunction, lies within the sound discretion of the Court. *Planned Parenthood of Idaho, Inc. v. Kurtz,* No. CVOC0103909D, 2001 WL 34157539, at *17 (Idaho Aug. 17, 2001) (determining whether to require posting of a bond under Idaho Rule of Civil Procedure 65(c) and the amount of the bond.). The determination is to be made based upon competent

**ORDER** - 3

evidence of the costs, damages, or attorney fees that will be incurred by the requesting party. *Id.*

Having reviewed the Defendant's Motion, supporting materials, relevant cases, and the entire record herein, the Court finds good cause has been shown to require Plaintiff to post security for costs in this matter. Defendant has demonstrated that counsel for Plaintiff has a history of employing tactics in other districts that are abusive to the system such as: failing to serve notice on defendants, failure to follow court orders and rules, making misrepresentations, demanding unreasonable settlements, and delaying litigation resulting in unnecessary expenses. *See e.g. McDermott v. Monday Monday, LLC*, No. 17-CV-9230 (DLC), 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018), *Steeger v. JMS Cleaning Servs. LLC*, No. 17-cv-8013(DLC), 2018 WL 1136113 (S.D.N.Y. Feb. 28, 2018) and *on reconsideration* 2018 WL 1363497, at *3 (S.D.N.Y. Mar. 15, 2018); *Leibowitz v. Galore Media, Inc.*, 18 Civ. 2626 (RA)(HBP), 2018 WL 4519208 (S.D.N.Y. Sept. 20, 2018); *Pereira v. 3072541 Can. Inc.*, No. 17-CV-6945 (RA), 2018 WL 5999636 (S.D.N.Y. Nov. 15, 2018). While those cases are not binding nor dispositive of the issue presented on the Defendant's Motion in this case, the record here shows that similar tactics and conduct may have been and/or are being used by Plaintiff's counsel in this case. (Dkt. 27.)

Early in this case, Plaintiff obtained entry of default based on ineffective service which later had to be set aside. (Dkt. 18.) More recently, Plaintiff failed to comply with this Court's Order requiring that he file a discovery plan and a litigation plan. (Dkt. 23, 26.) More troubling, however, are the materials provided by Defendant revealing Plaintiff counsel's unreasonableness and unwillingness to resolve this case despite Defendant's

**ORDER - 4**

efforts and apparent delay tactics. (Dkt. 27.) Plaintiff has not responded or disputed any of the record or Defendant's materials in this regard which may be deemed to constitute consent to the granting of Defendant's Motion or other application. Local Civil Rule 7.1(e).

In addition, security for costs can include attorney fees which Defendant may be able to recover if it prevails in this case. The Copyright Act expressly provides a prevailing defendant may recover attorney fees. 17 U.S.C. § 505. In determining whether fees are appropriate under the statue, the Supreme Court has suggested a list of non-exclusive factors that courts may consider including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 & n. 19 (1994).

For all of these reasons, the Court finds good cause has been shown to grant the request for a security bond.

As to the amount of the bond, the Court finds the request of $10,000 is an appropriate amount in this case. The Court has considered the parties' ability to pay and financial condition. Defendant is an insolvent company and Plaintiff is an individual and professional photographer. The Complaint in this case seeks an award of statutory and actual damages of at least $2,500 and up to $150,000. (Dkt. 1.) While it does not appear there has been an overly extensive amount legal work done as of yet in this case as it lingers in the early stages of litigation, defense counsel has been actively participating for some time and has made settlement offers which appear to be greater than the amount Plaintiff could recover as damages. Attorney fees will continue to add up quickly as the case

proceeds and could easily exceed $10,000 if they have not already. Continued delay and/or abusive tactics will unnecessarily increase these costs. Accordingly, the Court finds the requested bond amount is appropriate in this case.

The Court further finds it appropriate and reasonable to require Plaintiff to submit the bond on or before April 23, 2019 given the length of time this matter has been pending and in order to prevent any further undue delay and unnecessary incursion of costs.

**2.     Failure to Prosecute**

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of an action where the plaintiff fails to prosecute the claims. This District's local rule provides for such dismissal after six months. Local Civ. R. 41.1.

Plaintiff in this case did not file a litigation or discovery plan as directed by the Court. (Dkt. 23.) Although the current deadlines for discovery and motion filings extend out into August and September of 2019, the last filing by Plaintiff in this case was made on August 28, 2018, more than six months ago. Notably, Plaintiff did not file a response to the Defendant's Motion for Bond. (Dkt. 27.)

The Court therefore puts Plaintiff on notice that this case will be dismissed on April 23, 2019 for failure to prosecute absent a showing of good cause as to why dismissal should not be entered. Fed. R. Civ. P. 41(b); Local Civ. R. 41.1.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1)    Defendant's Motion to Require Plaintiff to Post Bond (Dkt. 27) is **GRANTED**. Plaintiff shall post a bond of **$10,000** prior to any further litigation of this

case pursuant to Rule 65(c) of the Federal Rules of Civil Procedure and Rule 65.2 of the Idaho District Local Rules. Such bond shall be posted on or before **April 23, 2019**. Failure to timely file the bond as directed, will result in dismissal of this case with prejudice.

    2)    Plaintiff is HEREBY NOTIFIED that this case will be dismissed on **April 23, 2019** for failure to prosecute absent a showing of good cause as to why dismissal should not be entered.

DATED: April 9, 2019

_____
Honorable Edward J. Lodge
U.S. District Judge

**ORDER - 7**